| | |
|---|---|
| Paul M. Basta, P.C. | James H.M. Sprayregen, P.C. |
| Jonathan S. Henes, P.C. | Ryan Blaine Bennett (*pro hac vice* pending) |
| Christopher Marcus, P.C. | Brad Weiland (*pro hac vice* pending) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:    (212) 446-4800 | Telephone:    (312) 862-2000 |
| Facsimile:    (212) 446-4900 | Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SABINE OIL & GAS CORPORATION, | ) | Case No. 15-11835 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 25-0484900 | ) | |
| In re: | ) | Chapter 11 |
| GIANT GAS GATHERING LLC, | ) | Case No. 15-11836 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 90-0783438 | ) | |
| In re: | ) | Chapter 11 |
| SABINE BEAR PAW BASIN LLC, | ) | Case No. 15-11837 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 26-3312656 | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| SABINE EAST TEXAS BASIN LLC, | ) Case No. 15-11838 ([___]) |
| Debtor. | ) |
| Tax I.D. No. 75-3258931 | ) |
| In re: | ) Chapter 11 |
| SABINE MID-CONTINENT GATHERING LLC, | ) Case No. 15-11839 ([___]) |
| Debtor. | ) |
| Tax I.D. No. 90-1026085 | ) |
| In re: | ) Chapter 11 |
| SABINE MID-CONTINENT LLC, | ) Case No. 15-11840 ([___]) |
| Debtor. | ) |
| Tax I.D. No. 46-1496939 | ) |
| In re: | ) Chapter 11 |
| SABINE OIL & GAS FINANCE CORPORATION, | ) Case No. 15-11841 ([___]) |
| Debtor. | ) |
| Tax I.D. No. 27-1852567 | ) |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SABINE SOUTH TEXAS GATHERING ) | Case No. 15-11842 ([___]) |
| LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 46-5201749 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| SABINE SOUTH TEXAS LLC, ) | Case No. 15-11843 ([___]) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 37-1665616 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| SABINE WILLISTON BASIN LLC, ) | Case No. 15-11844 ([___]) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 77-069440 ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[1]

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York

---

[1] The facts and circumstances supporting this Motion are set forth in the *Declaration of Michael Magilton (A) in Support of First Day Motions and (B) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein.

3

(the "Court") maintain one file and one docket for all of the jointly-administered cases under the case of Sabine Oil & Gas Corporation, and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[2] | ) | Case No. 15-11835 (___) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Sabine Oil & Gas Corporation:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sabine Oil & Gas Corporation; Giant Gas Gathering LLC; Sabine Bear Paw Basin LLC; Sabine East Texas Basin LLC; Sabine Mid-Continent Gathering LLC; Sabine Mid-Continent LLC; Sabine Oil & Gas Finance Corporation; Sabine South Texas Gathering LLC; Sabine South Texas LLC; and Sabine Williston Basin LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 15-11835 ([___]).

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

4

4. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Background

8. Sabine Oil & Gas Corporation, together with its Debtor and non-Debtor affiliates, is an independent energy company engaged in the acquisition, production, exploration, and development of onshore oil and natural gas properties in the United States. The Debtors' current operations are principally located in the Cotton Valley Sand and Haynesville Shale in East Texas, the Eagle Ford Shale in South Texas, the Granite Wash in the Texas Panhandle, and the North Louisiana Haynesville.

9. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a)

and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis For Relief

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g.*, *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Genco Shipping & Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012).[3]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

6

substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

15.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Reservation of Rights

16.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission

as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Notice

17.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the administrative agent under the Debtors' first lien credit facility; (d) counsel to the agent under the Debtors' first lien credit facility; (e) the administrative agent under the Debtors' second lien credit facility; (f) counsel to the agent under the Debtors' second lien credit facility; (g) the indenture trustee under the Debtors' 9.75% senior notes due 2017; (h) counsel to the indenture trustee under the Debtors' 9.75% senior notes due 2017; (i) the indenture trustee under the Debtors' 7.25% senior notes due 2019; (j) the indenture trustee under the Debtors' 7.5% senior notes due 2020; (k) counsel to certain holders of the 2019 and 2020 senior notes; (l) the United States Attorney's Office for the Southern District of New York; (m) the Internal Revenue Service; (n) the United States Securities and Exchange Commission; (o) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (p) the state attorneys general for states in which the Debtors conduct business; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated:  July 15, 2015 | */s/ Jonathan S. Henes, P.C.* |
| | Paul M. Basta, P.C. |
| | Jonathan S. Henes, P.C. |
| | Christopher Marcus, P.C. |
| | KIRKLAND & ELLIS LLP |
| | KIRKLAND & ELLIS INTERNATIONAL LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:    (212) 446-4800 |
| | Facsimile:    (212) 446-4900 |

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (*pro hac vice* admission pending)
Brad Weiland (*pro hac vice* admission pending)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| SABINE OIL & GAS CORPORATION, | ) | Case No. 15-11835 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 25-0484900 | ) | |
| In re: | ) | Chapter 11 |
| GIANT GAS GATHERING LLC, | ) | Case No. 15-11836 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 90-0783438 | ) | |
| In re: | ) | Chapter 11 |
| SABINE BEAR PAW BASIN LLC, | ) | Case No. 15-11837 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 26-3312656 | ) | |
| In re: | ) | Chapter 11 |
| SABINE EAST TEXAS BASIN LLC, | ) | Case No. 15-11838 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 75-3258931 | ) | |
| In re: | ) | Chapter 11 |
| SABINE MID-CONTINENT GATHERING LLC, | ) | Case No. 15-11839 ([___]) |
| Debtor. | ) | |
| Tax I.D. No. 90-1026085 | ) | |

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SABINE MID-CONTINENT LLC, | ) ) ) | Case No. 15-11840 ([___]) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-1496939 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SABINE OIL & GAS FINANCE CORPORATION, | ) ) ) ) | Case No. 15-11841 ([___]) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 27-1852567 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SABINE SOUTH TEXAS GATHERING LLC, | ) ) ) ) | Case No. 15-11842 ([___]) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 46-5201749 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SABINE SOUTH TEXAS LLC, | ) ) ) | Case No. 15-11843 ([___]) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 37-1665616 | ) ) | |
| In re: | ) ) | Chapter 11 |
| SABINE WILLISTON BASIN LLC, | ) ) ) | Case No. 15-11844 ([___]) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 77-069440 | ) | |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 15-11835 (___).

3. The caption of the jointly administered cases should read as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (___) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Sabine Oil & Gas Corporation to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sabine Oil & Gas Corporation; Giant Gas Gathering LLC; Sabine Bear Paw Basin LLC; Sabine East Texas Basin LLC; Sabine Mid-Continent Gathering LLC; Sabine Mid-Continent LLC; Sabine Oil & Gas Finance Corporation; Sabine South Texas Gathering LLC; Sabine South Texas LLC; and Sabine Williston Basin LLC. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 15-11835 ([___]).

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2015

UNITED STATES BANKRUPTCY JUDGE