UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| Debtors. | ) (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an Order (this "Order"), (a) authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' business, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to retain and pay reasonable fees and expenses for the services of various attorneys in the ordinary course of business (collectively, the "<u>OCPs</u>")[3] to assist and advise the Debtors in the operation of their businesses and to defend the Debtors in matters arising in the ordinary course of the Debtors' businesses.

3. The following procedures for the retention of OCPs are hereby approved:

    a. Each OCP shall file with this Court and serve a declaration of disinterestedness (each, a "<u>Declaration of Disinterestedness</u>") substantially in the form attached to the Motion as **Exhibit C** upon: (i) the Debtors, 1415 Louisiana, Suite 1600, Houston, Texas 77002, Attn: Michael Magilton; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C., Christopher J. Marcus, P.C., and Cristine Pirro and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett and Brad Weiland; (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg; (iv) counsel to the official committee of unsecured creditors (the "<u>Committee</u>"), Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Mark R. Somerstein, Keith H. Wofford, and D. Ross Martin; (v) the administrative agent under the Debtors' first lien credit facility, Wells Fargo Bank, National

---

[3] Except as authorized by this Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of this Court.

2

Association, 333 Clay Road, Suite 2400, Houston, Texas 77024, Attn: Stephanie Harrell and Wells Fargo Bank, National Association, 1000 Louisiana Street, 8th Floor, Houston, Texas 77002, Attn: Brian M. Malone, and Wells Fargo Bank, National Association, 333 Clay Road, Suite 2400, Houston, Texas 77024, Attn: Stephanie Harrell; (vi) counsel to the first lien credit facility, Willkie Farr & Gallagher LLP, 600 Travis Street, Suite 2310, Houston, Texas 77002, Attn: Kristi Treece, Michael Niebruegge, and Ryan Cicero and Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot Schonholtz, Ana M. Alfonso, and Penelope J. Jensen; (vii) the administrative agent under the Debtors' second lien credit facility, Wilmington Trust, National Association, 1100 North Market Street, Wilmington, Delaware 19890, Attn: Joseph Feil; (viii) counsel to the agent under the Debtors' second lien credit facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Alan W. Kornberg, Brian S. Hermann, and Kellie A. Cairns and Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Robert D. Albergotti and Ian T. Peck; (ix) the indenture trustee under the Debtors' 9.75% senior notes due 2017, Bank of New York Mellon Trust Company, National Association, 101 Barclay Street, Floor 4 East, New York, New York 10286, Attn: Dennis Roemlein; (x) counsel to the indenture trustee under the Debtors' 9.75% senior notes due 2017, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036, Attn: Philip C. Dublin, Daniel H. Golden, Abid Qureshi, and Sara L. Brauner; (xi) the indenture trustee under the Debtors' 7.25% senior notes due 2019, Wilmington Savings Fund Society, FSB, 500 Delaware Avenue, Wilmington, Delaware 19801, Attn: Bankruptcy Department; (x) the indenture trustee under the Debtors' 7.50% senior notes due 2020, Delaware Trust Company, 2711 Centerville Road, Wilmington, Delaware 19808, Attn: Bankruptcy Department; (xi) counsel to certain holders of the Debtors' notes due 2019 and 2020, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: Bob Stark and Sigmund Wissner-Gross; and (xii) to the extent not listed herein those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").

    b.    The Notice Parties shall have 10 days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be consensually resolved within 10 days after the Objection Deadline, then the retention of the OCP that is the

KE 37209889

       subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than 20 days from that date, or on a date otherwise agreed to by the parties.

c.    If no objection is received from any of the Notice Parties by the Objection Deadline with respect to a particular OCP, then retention of the OCP shall be deemed approved by this Court without hearing or further order and the Debtors shall be authorized to retain and pay that OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP in accordance with the OCP Procedures.

d.    The Debtors are authorized to retain an OCP and to pay such OCP, without formal application to this Court, 100 percent of fees and disbursements owed to each retained OCP after such OCP (i) files with this Court and serves upon the Notice Parties a Declaration of Disinterestedness for which the Objection Deadline lapses and no objections are pending and (ii) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that each OCP's fees, excluding costs and disbursements, during the pendency of the Debtors' chapter 11 cases do not exceed (a) for each OCP set forth on **Exhibit 1** to **Exhibit A** attached hereto (each, a "Tier 1 OCP"), $150,000 per month on average over a rolling three-month period (the "Tier 1 OCP Monthly Cap") or $1.5 million in the aggregate (the "Tier 1 OCP Case Cap") or (b) for each OCP set forth on **Exhibit 2** to **Exhibit A** attached hereto (each, a "Tier 2 OCP"), $50,000 per month on average over a rolling three-month period (the "Tier 2 OCP Monthly Cap," and together with the Tier 1 OCP Monthly Cap, the "OCP Monthly Caps") or $500,000 in the aggregate (the "Tier 2 OCP Case Cap" and, together with the Tier 1 OCP Case Cap, the "OCP Case Caps"); *provided further* that if requested by the Debtors and consented to by the Committee (which consent shall not be unreasonably withheld), any Tier 2 OCP that was originally listed as a Tier 1 OCP in **Exhibit 1** to **Exhibit B** to the Motion shall be subject to the Tier 1 OCP Monthly Cap and Tier 1 OCP Case Cap. The OCP Case Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, and the counsel to the Committee; *provided* that the Debtors shall file a notice with the Court of any such agreed increase.

e.    To the extent that fees payable to any OCP exceed the applicable OCP Monthly Cap or OCP Case Cap set forth in paragraph (d) above, the OCP shall file a fee application with this Court for the

4

KE 37209889

     amount in excess of the applicable OCP Monthly Cap or OCP Case Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), the Fee Guidelines promulgated by the Office of the U.S. Trustee, and any applicable orders of this Court, unless the U.S. Trustee agrees otherwise.

  f. At three-month intervals during the pendency of these chapter 11 cases (each, a "<u>Quarter</u>"), the Debtors shall file with this Court and serve on the Notice Parties, no later than 30 days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

  g. The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by (i) including such OCPs on an amended version of **Exhibit A** attached hereto that is filed with this Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

4. Notwithstanding Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

KE 37209889

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: <u>August 10, 2015</u>

                                              /S/ Shelley C. Chapman
                                              THE HONORABLE SHELLEY C. CHAPMAN
                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

**Ordinary Course Professionals**

## Exhibit 1 to Exhibit A

**Tier 1 Ordinary Course Professionals**

| **Name** | **Address** | **Type of Service** |
|---|---|---|
| Vinson & Elkins LLP | 1001 Fannin St.<br>Suite 2500<br>Houston, TX 77002 | Legal (Regulatory Compliance) |

## Exhibit 2 to Exhibit A

**Tier 2 Ordinary Course Professionals**

KE 37209889

| Name | Address | Type of Service |
|---|---|---|
| Alexander Dubose Jefferson & Townsend LLP | 1844 Harvard Street<br>Houston, TX 77008 | Legal (Litigation) |
| Burleson LLP | 700 Milam<br>Suite 1100<br>Houston, TX 77002 | Legal (Litigation, Title Opinion & Curative) |
| Carver Darden Koretzky Tessier | Energy Center<br>1100 Poydras St<br>Suite 3100<br>New Orleans, LA 70163 | Legal (Litigation) |
| Coghlan Crowson LLP | P.O. BOX 2665<br>Longview, TX 75606 | Legal (Litigation) |
| Colvin, Chaney, Saenz & Rodrigeuz, L.L.P. | 1201 East Van Buren<br>P.O. BOX 2155<br>Brownsville, TX 78522 | Legal (Litigation) |
| Crowley Fleck PLLP | P.O. BOX 2529<br>Billings, MT 59103 | Legal (Litigation) |
| Dougherty Law Firm PC | 1106 First Place<br>Tyler, TX 75702 | Legal (Title Opinion & Curative) |
| Gibson Dunn & Crutcher LLP | P.O. BOX 840723<br>Los Angeles, CA 90084 | Legal (Litigation) |
| Gray Reed & McGraw PC | 1300 Post Oak Blvd<br>Suite 2000<br>Houston, TX 77056 | Legal (Litigation) |
| Hicks Thomas LLP | 700 Louisiana<br>Suite 2000<br>Houston, TX 77002 | Legal (Litigation) |
| Kelly Hart & Hallman LLP | 303 Colorado Street<br>Suite 2000<br>Austin, TX 78701 | Legal (Litigation) |
| Liskow & Lewis APLC | One Shell Square<br>701 Poydras Street<br>Suite 5000<br>New Orleans, LA 70139 | Legal (Litigation) |
| Martin, Bode, Werner & Mann, PLLC | Halbouty Center<br>5100 Westheimer Rd<br>Suite 100<br>Houston, TX 77056 | Legal (Title Opinion & Curative) |

| Name | Address | Type of Service |
|---|---|---|
| Muskat, Martinez & Mahoney, LLP | 1201 Louisiana<br>Suite 850<br>Houston, TX 77002 | Legal (Labor) |
| Phelps Dunbar LLP | P.O. BOX 974798<br>Dallas, TX 75397 | Legal (Litigation) |
| Quinn Emanuel Urquhart & Sullivan, LLP | Pennzoil Place<br>711 Louisiana St.<br>Suite 500<br>Houston, TX 77002 | Legal (Litigation) |
| Scott Douglass & McConnico LLP | 303 Colorado Street<br>Suite 2400<br>Austin, TX 78701 | Legal (Title Opinion & Curative) |
| Smead Anderson & Dunn | 2110 Horseshoe Lane<br>Longview, TX 75605-5628 | Legal (Title Opinion & Curative) |
| Sprouse Shrader Smith PLLC | P.O. BOX 15008<br>Amarillo, TX 79105-5008 | Legal (Title Opinion & Curative) |
| Susman Godfrey LLP | 1000 Louisiana<br>Suite 5100<br>Houston, TX 77002 | Legal (Litigation) |
| Winstead PC | 300 Throckmorton Street<br>Suite 1700<br>Fort Worth, TX 76102 | Legal (Litigation) |
| Zabel Freeman | 1135 Heights Blvd.<br>Houston, TX 77008 | Legal (Litigation) |

KE 37209889