**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER AUTHORIZING AND APPROVING THE**
**EMPLOYMENT AND RETENTION OF LAZARD FRÈRES & CO. LLC,**
**AS INVESTMENT BANKER *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order (this "Order") (a) authorizing the Debtors to employ and retain Lazard Frères & Co. LLC ("Lazard") as their investment banker effective *nunc pro tunc* to July 15, 2015 (the "Petition Date"), pursuant to the terms of the engagement letter between Lazard and Sabine Oil & Gas Corporation, on behalf of the Debtors, dated as of February 24, 2015 (the "Engagement Letter"), and the related indemnification letter, dated as of February 24, 2015 (the "Indemnification Letter," and together with the Engagement Letter, the "Lazard Agreement"); and (b) granting such other relief as is just, all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085);  Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440).  The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Application and the opportunity for a hearing under the circumstances; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein, *nunc pro tunc* to the Petition Date.

2.      The Debtors are authorized, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, to employ and retain Lazard as their investment banker in accordance with the terms and conditions set forth in the Lazard Agreement, effective *nunc pro tunc* to the Petition Date.

3.       Lazard does not hold or represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

4.      The terms and conditions of Lazard's employment as provided in the Lazard Agreement are reasonable as required under section 328 of the Bankruptcy Code and are hereby approved.  Further, the Fee Structure as set forth in the Lazard Agreement, including, without

limitation, the Monthly Fee, the Restructuring Fee and the Financing Fee (each as defined in the Lazard Agreement), is approved pursuant to section 328(a) of the Bankruptcy Code and Lazard shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Lazard Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court; *provided, however,* that the Fee Structure shall be modified as follows:

    a.   Section 2(a) of the Engagement Letter shall be deleted and replaced with the following language: "A monthly fee of $150,000 (the "Monthly Fee"), payable on execution of this Agreement and on the first day of each month (commencing March 1, 2015) until the earlier of the consummation of the Restructuring or the termination of Lazard's engagement pursuant to Section 10. One-half of all Monthly Fees paid in excess $900,000 shall be credited (without duplication) against any Restructuring Fee or Financing Fee subsequently payable; provided, that such credit shall only apply to the extent that such fees are approved in entirety by the Bankruptcy Court."

    b.   Section 2(c) of the Engagement Letter shall not apply from and after the Petition Date.

    c.   Section 2(d)(i) of the Engagement Letter shall be deleted and replaced with the following language: "with respect to any Financing provided by one or more lenders or bondholders under the Company's prepetition debt facilities, seventy-five percent of the Financing Fee."

    d.   Section 2(d)(ii) of the Engagement Letter shall be deleted and replaced with the following language: "with respect to any Financing provided by a party that is not a lender or bondholder under the Company's prepetition debt facilities, fifty percent of the Financing Fee."

    e.   Section 2(e) of the Engagement Letter shall be deleted and replaced with the following language: "More than one fee may be payable pursuant to clause (d) above."

    f.   The Financing Fee set forth in Schedule I for "New Debt" shall be capped at $5.0 million and the Financing Fee set forth in Schedule I for "New Equity" shall be capped at $7.5 million.

    5.   Section 11 of the Engagement Letter is hereby amended by deleting the portion of the first sentence thereof, starting with the words "nothing herein is intended…".

Notwithstanding any provision to the contrary in the Engagement Letter, Lazard is being engaged as and shall be deemed to be an independent contractor, it being understood that Lazard shall have no authority to bind, or otherwise act as agent, executor, administrator, trustee, lawyer, or guardian for the Debtors, nor shall Lazard have the authority to manage money or property of the Debtors.

6.      The terms of the Lazard Agreement are approved in all respects except as limited or modified herein.

7.      Lazard shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code.  Notwithstanding anything to the contrary set forth above, the U.S. Trustee retains all rights to object to Lazard's interim and final fee applications (including expense reimbursement) on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8.      Lazard shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9.      Lazard shall be excused from keeping time records for services rendered in one-tenth of an hour increments, and instead shall only be required to maintain time records in half hour increments.

10.      None of the fees payable to Lazard shall constitute a "bonus" or fee enhancement under applicable law.

11.      In the event Lazard seeks reimbursement for attorneys' fees pursuant to the terms of the Lazard Agreement, the invoices and supporting time records from such attorneys shall be included in Lazard's own application and such invoices and time records shall be subject to the

U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines"), and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code.

12.     The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation, and other provisions of the Lazard Agreement, and will indemnify and hold harmless Lazard and its affiliates, and its and their respective directors, officers, members, agents, employees, and controlling persons, and each of their respective successors and assigns (collectively, the "Indemnified Persons"), pursuant to the Lazard Agreement during the pendency of these chapter 11 cases, subject to the following conditions:

a.    All requests of Indemnified Persons (as defined in the Lazard Agreement) for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Letter shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Lazard Agreement, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall an Indemnified Person be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

b.    In no event shall an Indemnified Person be indemnified or receive contribution or other payment under the indemnification provisions of the Lazard Agreement if the Debtors or a representative of the Debtors' estates asserts a claim for, and the Court determines by final order that such claim primarily arose out of, such person's bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct on the part of that or any other Indemnified Person.

c.    In the event an Indemnified Person seeks reimbursement for attorneys' fees from the Debtors pursuant to the Lazard Agreement, the invoices and supporting time records from such attorneys shall be annexed to Lazard's own interim and final fee applications, and such invoices and time records

shall be subject to the U.S. Trustee Guidelines and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

13.    Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral, or budget in connection therewith, approved by the Court in these chapter 11 cases.

14.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15.    To the extent this Order is inconsistent with the Lazard Agreement, this Order shall govern.

16.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: September 10, 2015

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE
