Hearing Date:  October 15, 2015 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline:  October 8, 2015 at 4:00 p.m. (prevailing Eastern Time)

Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion," a

copy of which is attached hereto) of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an order authorizing the rejection of certain

executory contracts, will be held before the Honorable Shelley C. Chapman of the United States

Bankruptcy Court for the Southern District of New York (the "Court"), in Room 623, One

Bowling Green, New York, New York 10004-1408, on **October 15, 2015, at 10:00 a.m.**

**(prevailing Eastern Time)**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440).  The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

**PLEASE TAKE FURTHER NOTICE** that parties receiving the Motion should review the Motion to determine whether their names or contracts are listed therein.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than **October 8, 2015, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon:  (a) the Debtors, 1415 Louisiana, Suite 1600, Houston, Texas 77002, Attn: Michael Magilton; (b) counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C., Christopher Marcus, P.C., and Cristine Pirro and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Ryan Blaine Bennett and Brad Weiland; (c) administrative agent under the Debtors' first lien credit facility, Wells Fargo Bank, National Association, 333 Clay Road, Suite 2400, Houston, Texas 77024, Attn: Stephanie Harrell and Wells Fargo Bank, National Association, 1000 Louisiana Street, 8th Floor, Houston, Texas 77002, Attn: Brian M. Malone; (d) counsel to administrative agent under the Debtors' first lien facility, Willkie Farr & Gallagher LLP, 600 Travis Street, Suite 2310, Houston, Texas 77002, Attn: Kristi Treece, Michael Niebruegge, and Ryan Cicero and Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz, Ana M. Alfonso, and Penelope J. Jensen; (e) administrative agent under the Debtors' second lien credit facility, Wilmington Trust,

2

National Association, 1100 North Market Street, Wilmington, Delaware 19890, Attn: Joseph Feil; (f) counsel to the agent under the Debtors' second lien credit facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Alan W. Kornberg, Brian S. Hermann, Moses Silverman, Kellie A. Cairns, and Brian Kim and Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Robert D. Albergotti and Ian T. Peck; (g) indenture trustee under the Debtors' 9.75% senior notes due 2017, Bank of New York Mellon Trust Company, National Association, 101 Barclay Street, Floor 4 East, New York, New York 10286, Attn: Bankruptcy Department; (h) counsel to the indenture trustee under the 2017 senior notes, Akin Gump, One Bryant Park, New York, New York 10036, Attn: Phillip C. Dublin, Daniel H. Golden, Abid Qureshi, and Sara L. Brauner; (i) the indenture trustee under the Debtors' 7.25% senior notes due 2019, Wilmington Savings Fund, FSB, 500 Delaware Avenue, Wilmington, Delaware 19801, Attn: Bankruptcy Department; (j) the indenture trustee under the Debtors' 7.5% senior notes due 2020, Delaware Trust Company, 2711 Centerville Road, Wilmington, Delaware 19808, Attn: Bankruptcy Department; (k) counsel to certain holders of the 2019 and 2020 senior notes, Brown Rudnick, Seven Times Square, New York, New York 10036, Attn: Bob Stark and Sigmund Wissner-Gross; (l) counsel to the Official Committee of Unsecured Creditors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York  10036, Attn: Mark R. Somerstein, Keith H. Wofford, and D. Ross Martin; (m) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg; (n) HPIP (as defined in the Motion); and (o) Nordheim (as defined in the Motion).

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/sabine.  You

may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated: September 30, 2015
New York, New York

/s/ Jonathan S. Henes, P.C.
Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

Hearing Date: October 15, 2015 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: October 8, 2015 at 4:00 p.m. (prevailing Eastern Time)

<table>
<tr><td>Paul M. Basta, P.C.</td><td>James H.M. Sprayregen, P.C.</td></tr>
<tr><td>Jonathan S. Henes, P.C.</td><td>Ryan Blaine Bennett (admitted <em>pro hac vice</em>)</td></tr>
<tr><td>Christopher Marcus, P.C.</td><td>Brad Weiland (admitted <em>pro hac vice</em>)</td></tr>
<tr><td><strong>KIRKLAND & ELLIS LLP</strong></td><td><strong>KIRKLAND & ELLIS LLP</strong></td></tr>
<tr><td><strong>KIRKLAND & ELLIS INTERNATIONAL LLP</strong></td><td><strong>KIRKLAND & ELLIS INTERNATIONAL LLP</strong></td></tr>
<tr><td>601 Lexington Avenue</td><td>300 North LaSalle Street</td></tr>
<tr><td>New York, New York 10022</td><td>Chicago, Illinois 60654</td></tr>
<tr><td>Telephone:      (212) 446-4800</td><td>Telephone:      (312) 862-2000</td></tr>
<tr><td>Facsimile:      (212) 446-4900</td><td>Facsimile:      (312) 862-2200</td></tr>
</table>

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) | Case No. 15-11835 (SCC) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion")[2]:

**Relief Requested**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"): (a) authorizing the rejection of certain executory

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440).  The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]    **Parties receiving this Motion should review this Motion to determine whether their names or contracts are listed herein.**

contracts described herein, effective as of the respective Rejection Dates (as defined herein) for such executory contracts, and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 105 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

## Background

5.      Sabine Oil & Gas Corporation, together with its Debtor and non-Debtor affiliates, is an independent energy company engaged in the acquisition, production, exploration, and development of onshore oil and natural gas properties in the United States.  On July 15, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 16, 2015, the Court entered an order [Docket No. 48] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases

6.      On July 28, 2015, the Office of the United States Trustee for the Southern District of New York formed the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 90].

### Executory Contracts to Be Rejected

7.      In connection with their restructuring efforts, the Debtors have commenced review of their executory contracts and unexpired leases to determine whether such executory contracts and unexpired leases should be assumed or rejected.  As a result of this ongoing analysis, the Debtors have determined, in their business judgment, that the executory contracts described herein are unnecessarily burdensome to the Debtors' estates and should be rejected as of the Rejection Dates specified herein.

*A.      The Nordheim Gathering Agreements.*

8.      Sabine Oil & Gas Corporation ("Sabine")[3] is party to two executory contracts with Nordheim Eagle Ford Gathering, LLC ("Nordheim").  The first executory contract is the Gas Gathering Agreement dated as of January 23, 2014 (the "Nordheim Gas Gathering Agreement"), which provides for Nordheim to gather, treat, dehydrate, and deliver all of the gas produced by Sabine from a certain area (the "Nordheim Dedicated Area").  The second executory contract is the Condensate Gathering Agreement dated as of January 23, 2014 (the "Nordheim Condensate Gathering Agreement" and, together with the Nordheim Gas Gathering Agreement, the "Nordheim Agreements"), which provides for Nordheim to gather and deliver all of the condensate produced by Sabine from the Nordheim Dedicated Area.  The Nordheim Agreements obligate Sabine to deliver certain minimum amounts of gas and condensate to Nordheim on an annual basis, pay annual gathering fees to Nordheim for the services provided

---

[3]     The original party to the Nordheim Gathering Agreements was Sabine Oil & Gas LLC.  Sabine Oil & Gas LLC was combined with and into Sabine on December 16, 2014.

3

thereunder, and, to the extent that Sabine does not deliver certain minimum amounts of gas or condensate each year, make deficiency payments to Nordheim on an annual basis.

9.    The Debtors have determined, in the exercise of their business judgment, that it is no longer necessary or desirable to maintain the Nordheim Agreements because the Debtors will likely be unable to deliver the minimum amounts of gas and condensate required thereunder for certain periods, and absent rejection would be required to make certain deficiency payments as a result.  The Debtors estimate that rejection of the Nordheim Agreements will save the Debtors approximately $35 million in deficiency payments over the life of Nordheim Agreements.

10.    The Debtors plan to enter into an agreement with an alternative gatherer to provide substantially similar services to those contracted for under the Nordheim Agreements at market rates, and with no minimum volume obligations.  Reaching agreement with an alternate gatherer to service the Nordheim Dedicated Area will take approximately two months.  Accordingly, the Debtors have determined, in the exercise of their business judgment, to reject the Nordheim Agreements effective as of December 31, 2015 (the "Nordheim Rejection Date").  Because the Debtors have already determined to reject the Nordheim Agreements, however, they are filing this Motion now to provide Nordheim with ample opportunity to mitigate any losses that may arise from such rejection.

**B.  The HPIP Gathering Agreements**.

11.    Sabine[4] is party to two executory contracts with HPIP Gonzales Holdings, LLC ("HPIP").  The first executory contract is the Production Gathering, Treating and Processing Agreement dated as of May 3, 2013 (the "HPIP Gathering Agreement"), which provides for HPIP to construct, operate, and maintain gathering facilities for and perform gathering services

---

[4]    The original party to the HPIP Gathering Agreements was Forest Oil Corporation, which was renamed Sabine Oil & Gas Corporation on December 19, 2014.

with respect to all of the oil, gas, and water produced by Sabine from a certain area (the "HPIP Dedicated Area").    The second executory contract is the Water and Acid Gas Handling Agreement dated as of May 2014 (the "HPIP Handling Agreement" and, together with the HPIP Gathering Agreement, the "HPIP Agreements"), which provides for HPIP to construct, operate, and maintain disposal facilities for and perform disposal services with respect to all of the water and acid gas produced by Sabine within the HPIP Dedicated Area.

12.    The Debtors and HPIP are currently parties to an arbitration proceeding with respect to the HPIP Agreements.

13.    To date, HPIP has not completed – and in November 2014 permanently halted construction of – the facilities (the "HPIP Gathering Facilities") necessary to perform the services required by the HPIP Agreements.  The Debtors believe that, due to this prepetition material breach of the HPIP Agreements by HPIP, the HPIP Agreements were terminated prior to the Petition Date.[5]    Nevertheless, out of an abundance of caution, the Debtors have determined, in the exercise of their business judgment, that to the extent the HPIP agreements are not already terminated, such agreements should be rejected.   It is no longer necessary or desirable to maintain the HPIP Agreements because HPIP is not performing under the HPIP Agreements.  Rejection of the HPIP Agreements will allow Sabine to pursue gathering and/or disposal arrangements with third parties capable of actually providing the contracted-for services.  Further, rejection of the HPIP Agreements will eliminate the need for Sabine to drill at least one well per year through May 2017 in order to avoid triggering a provision (the "Put Provision") in the HPIP Gathering Agreement that forces the Debtors to purchase the HPIP

---

[5]    To the extent that this Court or any other court finds that the HPIP Agreements were not terminated before the Petition Date, this Motion constitutes the Debtors' notice of termination thereof pursuant to section 18 of the General Terms and Conditions of the HPIP Gathering Agreement and section 12 of the General Terms and Conditions of the HPIP Handling Agreement.

Gathering Facilities at a price (the "Disposition Price") to be calculated under a formula described therein if Sabine terminates its drilling program in the HPIP Dedicated Area.  At current commodity prices, the drilling of new wells in the HPIP Dedicated Area is uneconomic.  Thus, rejection allows Sabine to avoid wasting approximately $2.5 million to $5 million to drill multiple uneconomic wells prior to the expiration of the Put Provision in 2017 for the sole purpose of avoiding a potential claim by HPIP arising from the Put Provision.[6]  Accordingly, such agreements should be rejected, to the extent not terminated prepetition, as of September 30, 2015 (the "HPIP Rejection Date" and, together with the Nordheim Rejection Date, the "Rejection Dates").  The Debtors estimate that rejection of the HPIP Agreements will save the Debtors at least $2.5 million, and up to $80 million, over the life of the HPIP Agreements, to the extent that such agreements are not already terminated.

## Basis for Relief

**I.    Rejection of the Executory Contracts Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

14.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed."  *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

15.    The Debtors' rejection of an executory contract or unexpired lease is governed by the "business judgment" standard.  *See In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's]

---

[6]    HPIP has alleged that the Disposition Price is approximately $80 million.

decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing that the "business judgment" standard is used to approve rejection of executory contracts); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. *See Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997).

16.     Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17.     As discussed above, the Debtors believe that rejection of the Nordheim Agreements and the HPIP Agreements is well within the Debtors' business judgment and is in the best interests of their estates. The Debtors' ongoing obligations under the Nordheim Agreements and, to the extent not terminated prepetition, the HPIP Agreements, constitute unnecessary drains on the Debtors' resources compared to any minimal benefits associated with such contracts. Specifically, the Debtors estimate that rejection of the Nordheim Agreements and the HPIP Agreements will provide up to $115 million in aggregate cost savings for the

7

Debtors' estates. Further, the Debtors have determined that neither the Nordheim Agreements nor the HPIP Agreements have any realizable value in the marketplace. The Nordheim Agreements impose onerous minimum volume commitments and deficiency payment obligations, and the HPIP Agreements require continued uneconomic drilling in the HPIP Dedicated Area and impose significant potential liability under the Put Provision. Accordingly, to avoid incurring unnecessary administrative expense claims with respect to the Nordheim Agreements and the HPIP Agreements, the Debtors seek to reject the Nordheim Agreements and the HPIP Agreements effective as of the Nordheim Rejection Date and the HPIP Rejection Date, respectively. Rejecting the Nordheim Agreements and the HPIP Agreements is appropriate under the circumstances and reflects the Debtors' sound business judgment.

## II. Deeming Rejection of the HPIP Agreements Effective *Nunc Pro Tunc* to the HPIP Rejection Date is Appropriate.

18.     The Debtors respectfully submit that it is appropriate for the Court to deem the Debtors' rejection of the HPIP Agreements effective as of the HPIP Rejection Date.

19.     Section 365 of the Bankruptcy Code does not address whether the Court may order rejection to be applied retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of leases to apply retroactively"). Courts have held, however, that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See BP Energy Co. v. Bethlehem Steel Corp.*, No. 02-cv-64191 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls

outside of its authority when the balance of the equities favors this solution."); *Jamesway Corp.*, 179 B.R. at 38 (same); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) (noting that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

20.     The balance of equities favors the relief requested herein.  Without a retroactive date of rejection, the Debtors may be forced to expend time and resources disputing unwarranted claims for administrative expenses arising from the HPIP Agreements, to the extent such agreements were not terminated prepetition, despite the fact that the HPIP Agreements have provided no postpetition benefit whatsoever to the Debtors' estates.[7]  *See* 11 U.S.C. § 365(d)(3). Contemporaneously with the filing of this Motion, the Debtors caused notice of this Motion to be served on HPIP, thereby allowing HPIP sufficient opportunity to respond accordingly. Accordingly, HPIP will not be unduly prejudiced if the rejection is deemed effective as of the HPIP Rejection Date.

21.     Courts in this district have authorized relief similar to the relief requested herein. *See, e.g.*, *In re Doral Fin. Corp.*, No. 15-10573 (SCC) (Bankr. S.D.N.Y. Apr. 1, 2015); *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 10, 2014); *In re Borders Grp., Inc.*, No. 11-10614 (MG) (Bankr. S.D.N.Y. Mar. 4, 2011); *In re BB Liquidating Inc. f/k/a Blockbuster*

---

[7]     Indeed, HPIP ceased performance under the HPIP Agreements in November 2014, and the HPIP Agreements have since provided no benefit to the Debtors or their estates.

*Inc.*, No. 10-14997 (BRL) (Bankr. S.D.N.Y. Oct. 20, 2010); *In re NR Liquidation III f/k/a Neff Corp.*, No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 8, 2010).[8]

22.    Accordingly, the Debtors respectfully submit that it is fair and equitable for the Court to authorize rejection of the HPIP Agreements effective *nunc pro tunc* to the HPIP Rejection Date.

## Motion Practice

23.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Reservation of Rights

24.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code or as a rejection of any executory contract or unexpired lease other than the Nordheim Agreements and the HPIP Agreements. The Debtors expressly reserve their rights to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

## **Notice**

25.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Creditors' Committee; (d) the administrative agent under the Debtors' first lien credit facility; (e) counsel to the agent under the Debtors' first lien credit facility; (f) the administrative agent under the Debtors' second lien credit facility; (g) counsel to the agent under the Debtors' second lien credit facility; (h) the indenture trustee under the Debtors' 9.75% senior notes due 2017; (i) counsel to the indenture trustee under the Debtors' 9.75% senior notes due 2017; (j) the indenture trustee under the Debtors' 7.25% senior notes due 2019; (k) the indenture trustee under the Debtors' 7.5% senior notes due 2020; (l) counsel to certain holders of the 2019 and 2020 senior notes; (m) the United States Attorney's Office for the Southern District of New York; (n) the Internal Revenue Service; (o) the United States Securities and Exchange Commission; (p) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (q) the state attorneys general for states in which the Debtors conduct business; (r) HPIP; (s) Nordheim; and (t) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the rejection of certain executory contracts described herein, effective as of the respective Rejection Dates for such executory contracts, and (b) granting such other relief as is just and proper.

Dated:  September 30, 2015
       New York, New York

*/s/ Jonathan S. Henes, P.C.*

Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

**ORDER AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the

rejection of the Nordheim Agreements effective as of the Nordheim Rejection Date and the HPIP

Agreements effective as of the HPIP Rejection Date, and (b) granting related relief, all as more

fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of

the United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

creditors, and other parties-in-interest; and this Court having found that the Debtors provided

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440).  The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appropriate notice of the Motion and the opportunity for a hearing under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Nordheim Agreements and the HPIP Agreements are hereby deemed to be executory contracts within the meaning of section 365 of the Bankruptcy Code.

3.      The Nordheim Agreements are hereby rejected effective as of the Nordheim Rejection Date.

4.      The HPIP Agreements are hereby rejected effective as of the HPIP Rejection Date.

5.      Rejection of the Nordheim Agreements and the HPIP Agreements shall relieve the Debtors of any and all obligations under the Nordheim Agreements and the HPIP Agreements effective as of the respective Rejection Dates set forth in the motion, and no such obligations shall continue beyond such Rejection Dates.

6.      Notwithstanding any provisions contained in the HPIP Agreements or the Nordheim Agreements, nothing contained therein shall prevent the Debtors from entering into any agreements with any third parties regarding the Nordheim Dedicated Area or the HPIP Dedicated Area, or in any way limit the Debtors' rights with respect to such areas.

7.      Nordheim shall not be entitled to any claim arising from the Nordheim Agreements other than an unsecured claim for rejection damages arising as of the Petition Date, and shall only have an unsecured claim for rejection damages if it files a proof of claim on or before the deadline for filing proofs of claim established in these chapter 11 cases.  If no such proof of claim is timely filed, Nordheim shall be forever barred from asserting any claim for damages arising from the rejection of the Nordheim Agreements, and from participating in any distributions on account of any such claim asserted in connection with these chapter 11 cases.

8.      HPIP shall not be entitled to any claim arising from the HPIP Agreements other than an unsecured claim for rejection damages arising as of the Petition Date, and shall only have an unsecured claim for rejection damages if it files a proof of claim on or before the deadline for filing proofs of claim established in these chapter 11 cases.  If no such proof of claim is timely filed, HPIP shall be forever barred from asserting any claim for damages arising from the rejection of the HPIP Agreements, and from participating in any distributions on account of any such claim asserted in connection with these chapter 11 cases.

9.      Nothing in this Order shall impair, prejudice, or waive or otherwise affect any rights of the Debtors and their estates to assert (to the extent not already asserted) that any claim for damages arising from the termination or rejection of the Nordheim Agreements or the HPIP Agreements is limited to the remedies available under any applicable termination provisions of the Nordheim Agreements or the HPIP Agreements, that any such claim is the obligation of a third party and not of the Debtors or their estates, or that HPIP is not entitled to rejection damages because the HPIP Agreements were terminated prepetition.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

3

11.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2015

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE