**Exhibit 1**

**Modified Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> SABINE OIL & GAS CORPORATION, et al.,[1] <br><br> Debtor. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 15-11835 (SCC) <br> ) <br> ) (Jointly Administered) |

**ORDER AUTHORIZING REJECTION**
**OF CERTAIN EXECUTORY CONTRACTS WITH HPIP**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the rejection of the HPIP Agreements effective as of the HPIP Rejection Date, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Motion is granted to the extent set forth herein.

2. The HPIP Agreements are, to the extent executory contracts, hereby rejected effective as of the HPIP Rejection Date.

3. Subject to paragraph 6 below, rejection of the HPIP Agreements shall relieve the Debtors of any and all existing obligations under the HPIP Agreements effective as of the HPIP Rejection Date and no such existing obligations shall continue beyond such HPIP Rejection Date.

4. All claims of HPIP arising from the rejection of the HPIP Agreements by the Debtors shall be filed pursuant to the procedures established in these chapter 11 cases for the filing of proofs of claims. If no such proof of claim is timely filed, HPIP shall be forever barred from asserting any claim for damages arising from the rejection of the HPIP Agreements, and from participating in any distributions on account of any such rejection claim asserted in connection with these chapter 11 cases.

5. Nothing in this Order shall impair, prejudice, or waive or otherwise affect any rights of the Debtors and their estates to assert (to the extent not already asserted) that any claim for damages arising from the rejection of the HPIP Agreements is limited to the remedies available under any applicable termination provisions of the HPIP Agreements, that any such

2

claim is the obligation of a third party and not of the Debtors or their estates, or that HPIP is not entitled to rejection damages because the HPIP Agreements were terminated prepetition. Nothing in this Order shall impair, prejudice, or waive or otherwise affect any rights, defenses, or objections of HPIP in response to or in defense of the foregoing.

6. Notwithstanding anything to the contrary herein, nothing in this Order or in connection with the rejection of the HPIP Agreements shall, or shall be deemed to, impair, prejudice, or waive or otherwise affect, alter or limit any rights of HPIP to the HPIP Dedicated Area, the Facilities (as defined in the HPIP Gathering Agreement), the Disposal Facilities (as defined in the HPIP Handling Agreement), or the covenants, agreements, and obligations running with the land or leasehold interests as set forth in, or provided by, either respective HPIP Agreement, including, without limitation, as contained in Section 1.2 of each respective HPIP Agreement.

7. Nothing in this Order constitutes, or shall be deemed to constitute, a determination, finding, or ruling as to whether (i) the HPIP Agreements were terminated prior to the Petition Date or (ii) HPIP was in breach thereof prior to the Petition Date.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2015

                                                     _____
                                                     THE HONORABLE SHELLEY C. CHAPMAN
                                                     UNITED STATES BANKRUPTCY JUDGE

3