Paul M. Basta, P.C.                          James H.M. Sprayregen, P.C.
Jonathan S. Henes, P.C.                       Ryan Blaine Bennett (admitted *pro hac vice*)
Christopher Marcus, P.C.                       Brad Weiland (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**                  **KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**    **KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue                        300 North LaSalle Street
New York, New York 10022                    Chicago, Illinois 60654
Telephone:    (212) 446-4800               Telephone:    (312) 862-2000
Facsimile:    (212) 446-4900               Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO ADVANCE POSTPETITION DEFENSE
COSTS OF CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the motion (the "Motion," a copy of which is attached hereto) of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order *Authorizing the Debtors to Advance Postpetition Defense Costs Of Certain Current And Former Directors And Officers*, will be held before the Honorable Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 623, One Bowling Green, New York,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

New York 10004-1408, on [      ], 2015, at [   :   ] [   ].m. (**prevailing Eastern Time**).

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the basis for the response or objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at <u>http://www.nysb.uscourts.gov</u>, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Bankruptcy Rule 9028-1 and served so as to be actually received no later than [      ], **2015, at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Objection Deadline</u>"), upon:   (a) the Debtors, 1415 Louisiana, Suite 1600, Houston, Texas 77002, Attn: Michael Magilton; (b) counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Jonathan S. Henes, P.C., Christopher Marcus, P.C., and Cristine Pirro and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Ryan Blaine Bennett and Brad Weiland; (c) administrative agent under the Debtors' first lien credit facility, Wells Fargo Bank, National Association, 333 Clay Road, Suite 2400, Houston, Texas 77024, Attn: Stephanie Harrell and Wells Fargo Bank, National Association, 1000 Louisiana Street, 8th Floor, Houston, Texas 77002, Attn: Brian M. Malone; (d) counsel to administrative agent under the Debtors' first lien facility, Willkie Farr & Gallagher LLP, 600 Travis Street, Suite 2310, Houston, Texas 77002, Attn: Kristi Treece, Michael Niebruegge, and Ryan Cicero and Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Margot B. Schonholtz, Ana M. Alfonso, and Penelope J. Jensen; (e) administrative agent under the Debtors' second lien credit facility, Wilmington Trust,

2

National Association, 1100 North Market Street, Wilmington, Delaware 19890, Attn: Joseph Feil; (f) counsel to the agent under the Debtors' second lien credit facility, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn: Alan W. Kornberg, Brian S. Hermann, Moses Silverman, Kellie A. Cairns, and Brian Kim and Haynes and Boone LLP, 2323 Victory Avenue, Suite 700, Dallas, Texas 75219, Attn: Robert D. Albergotti and Ian T. Peck; (g) indenture trustee under the Debtors' 9.75% senior notes due 2017, Bank of New York Mellon Trust Company, National Association, 101 Barclay Street, Floor 4 East, New York, New York 10286, Attn: Bankruptcy Department; (h) counsel to the indenture trustee under the 2017 senior notes, Akin Gump, One Bryant Park, New York, New York 10036, Attn: Phillip C. Dublin, Daniel H. Golden, Abid Qureshi, and Sara L. Brauner; (i) the indenture trustee under the Debtors' 7.25% senior notes due 2019, Wilmington Savings Fund, FSB, 500 Delaware Avenue, Wilmington, Delaware 19801, Attn: Bankruptcy Department; (j) the indenture trustee under the Debtors' 7.5% senior notes due 2020, Delaware Trust Company, 2711 Centerville Road, Wilmington, Delaware 19808, Attn: Bankruptcy Department; (k) counsel to certain holders of the 2019 and 2020 senior notes, Brown Rudnick, Seven Times Square, New York, New York 10036, Attn: Bob Stark and Sigmund Wissner-Gross; (l) counsel to the Official Committee of Unsecured Creditors, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York  10036, Attn: Mark R. Somerstein, Keith H. Wofford, and D. Ross Martin; and (m) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Paul K. Schwartzberg.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Prime Clerk LLC at http://cases.primeclerk.com/sabine.  You

3

may also obtain copies of any pleadings by visiting the Court's website at
http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

     **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing. The Debtors will file an agenda before the Hearing, which may modify or supplement the Motion to be heard at the Hearing.

     **PLEASE TAKE FURTHER NOTICE** that if no objections or other responses are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **<u>Exhibit A</u>** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

Dated:  October 20, 2015
     New York, New York

*/s/ Jonathan S. Henes*
Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

KE 38112465.7

Hearing Date: [    ], 2015 at [  :  ] [  ].m. (prevailing Eastern Time)
Objection Deadline: [    ], 2015 at 4:00 p.m. (prevailing Eastern Time)

Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTORS TO ADVANCE POSTPETITION DEFENSE**
**COSTS OF CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1.     By this Motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"), pursuant to sections 363 and 105 of title 11 of the

United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") authorizing the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438);
Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent
Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567);
Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin
LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the
Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

advancement of postpetition legal defense costs that will be incurred by certain current and former directors and officers (collectively, the "Individuals")[2] that the Debtors are contractually obligated to advance under the Debtors' governing instruments.[3]  Specifically, the Debtors seek to pay the reasonable and necessary legal fees and expenses (the "Postpetition Defense Costs") that the Individuals incur solely in responding to postpetition information requests or related Rule 2004 discovery in connection with the investigation of claims as outlined in the Stipulated Discovery Protocol (the "Postpetition Investigation"),[4] provided that, consistent with the governing instruments: (a) the Individuals first sign an undertaking that if they are later determined to have engaged in wrongdoing, they will repay the monies advanced, and (b) similarly situated Individuals would be represented by common counsel to minimize costs. While the Debtors believe that payment of such costs and expenses is a transaction within the ordinary course of business as contemplated by section 363(c) of the Bankruptcy Code, the Debtors are seeking the Court's authorization for the relief requested herein out of an abundance of caution, and submit that the decision to do so is a reasonable exercise of their business judgment.

---

[2]    To date, these current and former directors and officers are: Patrick McDonald, David Sambrooks, David Radtke, John Yearwood, James D. Lightner, Loren K. Carroll, Dod A. Fraser, James H. Lee, Raymond I. Wilcox, Richard J. Carty, Victor Wind, and Thomas Chewning.  However, the Debtors' advancements will cover any current or former officers or directors subject to the Stipulated Discovery Protocol or other postpetition investigation as required under applicable bylaws or operating agreements, and, accordingly, the Debtors reserve their rights to advance reasonable fees and expenses to other individuals not named herein.

[3]    The Debtors' governing instruments consist of: (a) the Third Amended and Restated Operating Agreement of Sabine Oil & Gas, LLC, effective as of December 19, 2012 (the "Legacy Sabine Operating Agreement"); (b) the Bylaws of Forest Oil Corporation restated as of February 14, 2001 (the "Legacy Forest Bylaws"); (c) the amended and restated Bylaws of Forest Oil Corporation restated as of December 16, 2014 (the "Current Sabine Bylaws" and collectively with the Legacy Forest Bylaws, the "Bylaws"). Certain of these documents were entered into in connection with the business combination (the "Business Combination") of legacy Forest Oil Corporation ("Forest Oil") and legacy Sabine Oil & Gas LLC ("Old Sabine"), consummated in December 2014.

[4]    The advancement of reasonable fees and expenses does not extend to any legal fees or expenses incurred in the event of any litigation or adversary proceeding unrelated to the postpetition portion of the investigation of claims currently outlined in the Stipulated Discovery Protocol.

2

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are sections 105(a)

and 363 of the Bankruptcy Code.

## Background

### I.    General Case Background.

3.      Sabine Oil & Gas Corporation ("Sabine"), together with its Debtor and non-

Debtor affiliates, is an independent energy company engaged in the acquisition, production,

exploration, and development of onshore oil and natural gas properties in the United States.  On

July 15, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  On July 16, 2015, the Court entered an order [Docket No. 48] authorizing the joint

administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy

Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these

chapter 11 cases.

4.      In May 2015, the board of directors of Debtor Sabine established an independent

committee (the "Independent Directors' Committee") to conduct and oversee the investigation of

potential legal claims and causes of action that the Debtors and/or certain of their stakeholders

may possess related to or arising from the Business Combination.  The Investigation Committee

is comprised of two Sabine board members who had no involvement with the Business

KE 38112465.7

Combination.

5.      On July 28, 2015, the Office of the United States Trustee for the Southern District of New York formed the official committee of unsecured creditors (the "Creditors' Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 90].  On August 25, 2015, the Creditors' Committee filed the *Motion of the Official Committee of Unsecured Creditors for Leave Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure to Conduct Discovery of the Debtors and Third Parties, and to Establish Discovery Response and Dispute Procedures for Such Examination* (the "Rule 2004 Motion") [Docket No. 220] to investigate and evaluate the Business Combination.  The Court entered the *Stipulated Order Regarding Coordinated Discovery Protocol* (the "Stipulated Discovery Protocol") on September 24, 2015. [Docket No. 357].

6.      Among the potential causes of action that the Creditors' Committee has said they will investigate and may seek to pursue are claims for fiduciary breach against the Forest Oil and Old Sabine boards of directors.

7.      Not surprisingly, then, the Stipulated Discovery Protocol identifies the Individuals for whom relief is requested herein as "Discovery Targets" subject to document requests and depositions.  *See* [Docket No. 357, at ¶ 1-3].  After the Court entered the Stipulated Discovery Protocol, the Independent Directors' Committee and the Creditors' Committee (together, the "Committees") requested that Forest Oil and Old Sabine—some of whom are current directors of the Debtors—produce documents.  The Committees may seek interviews and/or depositions of some of these directors.  The Individuals called upon the Debtors to honor the governing instruments and pay for their counsel.

## II.    The Bylaws and Legacy Sabine Operating Agreement Requirements.

8.    Under the Current Sabine Bylaws, the Debtors are ***required*** to indemnify:

> [E]ach person made or threatened to be made a party to any action or proceeding whether civil or criminal and whether by or in the right of the corporation or otherwise, by reason of the fact that such person … ***is or was*** either (a) a director or officer of the corporation (including a director or officer who serves or served as an officer of any operating or service division of the corporation), or (b) a director or officer of the corporation who serves or served at the request of the corporation any other corporation, partnership, joint venture, trust, employee benefit plan or other enterprise in any capacity…against judgments, fines, penalties, amounts paid in settlement and reasonable expenses, ***including attorneys' fees*** incurred in connection with such action or proceeding or any appeal therein . . . .

Current Sabine Bylaws Art. IX (emphasis added).

9.    The Current Sabine Bylaws define such an indemnified person as an "Indemnified Person" and further provide for the advancement of certain defense costs for such persons:

> The corporation ***shall*** advance or promptly reimburse upon request any Indemnified Person for all expenses, ***including attorneys' fees***, reasonably incurred in defending any action or proceeding ***in advance of the final disposition thereof***….

Current Sabine Bylaws Art. IX (emphasis added).  These indemnification and advancement provisions continue even after such Indemnified person ceases to be an officer or director. Current Sabine Bylaws Art. IX.

10.    The bylaws also require that any person indemnified thereunder execute an undertaking that provides for his or her repayment of advanced fees if he or she is ultimately found not to be entitled to indemnification.  *Id.* The bylaws likewise provide that any Indemnified Person "shall" cooperate in good faith with any request by the company that common counsel for similarly situated parties be utilized.  *Id.*

11.    The Legacy Forest Bylaws contained an identical indemnification provision

before the Business Combination with Old Sabine.   *See* Legacy Forest Bylaws, Art. IX. Pursuant to the merger agreement that was executed and closed on December 16, 2014, (the "Merger Agreement"), the Forest Oil indemnification and advancement provisions survived the merger and are binding on the Debtors.  *See* Merger Agreement, §6.8(a), (e) (providing that the new company shall indemnify, hold harmless, and advance funds as provided by Forest Oil to present and former officers and directors).

12.    The Legacy Sabine Operating Agreement, operative until December 16, 2014, contained similar advancement and indemnification provisions:

> **Indemnification.** To the fullest extent permitted by applicable law, a Covered Person will be entitled to indemnification from the Company for any loss, damage or claim incurred by such Covered Person by reason of any act or omission performed or omitted by such Covered Person in good faith on behalf of the Company and in a manner reasonably believed to be within the scope of authority conferred on such Covered Person by this Agreement; provided, however, that any indemnity under this Section 9.4 will be provided out of and to the extent of Company assets only, and no Covered Person will have any personal liability on account thereof.
>
> **Expenses**. To the fullest extent permitted by applicable law, expenses (***including legal fees***) incurred by a Covered Person in defending any claim, demand, action, suit or proceeding ***shall, from time to time, be advanced*** by the Company prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of an undertaking by or on behalf of the Covered Person to repay such amount if it is determined in such final disposition that the Covered Person is not entitled to be indemnified….

Legacy Sabine Operating Agreement, § 9.4, 9.5 (emphasis added).

## III.    The Insurance Policies

13.    In the ordinary course of business, the Debtors maintain approximately 30 insurance policies that are administered by multiple third-party insurance carriers (collectively, the "Insurance Carriers").  The Debtors have made demands upon the relevant Insurance Carriers

to provide coverage for the Postpetition Defense Costs described herein and all subsequent defense costs not covered in the request for relief in the instant Motion.  However, the Debtors do not yet know the Insurance Carriers' position with respect to the requests for coverage.

## IV.    The Debtors' Business Judgment

14.    The two independent directors of the Debtors sitting on the Independent Directors' Committee (the "Independent Directors") do not require separate counsel from the Debtors.  Accordingly, they are disinterested decision-makers on the issue of whether the Debtors should comply with the Bylaws and Legacy Sabine Operating Agreement and advance to the Individuals legal fees in connection with the Postpetition Investigation.

15.    On October 2, 2015, the Independent Directors convened a telephonic conference of the Independent Directors Committee and voted to approve the Debtors' advancement of counsel fees for the Individuals, consistent with the governing instruments. Among other things, the Independent Directors' Committee determined that advancing counsel fees under the terms of the applicable bylaws would satisfy not only the Debtors' obligations to its current and former directors and officers but would also advance the Independent Committee Investigation and avoid any delay associated with the Individuals engaging in disputes with the Debtors over counsel fees rather than cooperating and providing the requested information.

16.    Specifically, the Independent Directors Committee voted to approve the advance of legal fees, provided that, consistent with the applicable bylaws, the Individuals first execute an undertaking to repay the fees in the event they are determined to have engaged in wrongdoing, and provided that similarly similarly situated individuals use common counsel, meaning one law firm for Forest Oil directors and one for Old Sabine directors (with one or more of Debtors' current directors in each group).

7

17.    The Debtors respectfully submit that, consistent with the Debtors' business judgment, the Court should authorize the advance of Postpetition Defense Costs on those terms.

**The Court Should Grant the Motion**
**<u>Pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code</u>**

**I.    Statutory Basis for Relief**

18.    The advancement of Postpetition Defense Costs for the Individuals as set forth herein is appropriate under section 363 of the Bankruptcy Code.  The Debtors believe that they can support the position that the relief requested herein is within the scope of section 363(c) and thus an "ordinary course" transaction.  *See In re RNI Wind Down Corporation*, Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) H'rg. Tr., at 124: 12-19 ("You know, as an initial matter actually . . . I'm far from convinced that the advancement of legal expenses to officers and directors under certificate of incorporation and bylaws is outside the ordinary course of business."); *see also In re Penick Pharm., Inc.,* 227 B.R. 229, 233 (Bankr. S.D.N.Y. 1998) (noting that a debtor is permitted to "conduct its business in the ordinary course" under section 363(c)(1) through its directors and officers, as is the case outside of bankruptcy).   However, the Debtors have been actively engaged in discussions with the major creditor constituencies as well as the Individuals and, as a result of those discussions, have determined that seeking the Court's endorsement under section 363(b)(1) will provide the greatest benefit to all such parties.  The Debtors believe, under these circumstances, that the advancement of the Postpetition Defense Costs will result in an expedited Postpetition Investigation timeline and a significant benefit to the estates.  Such benefit justifies the relief requested in the instant Motion.

19.    Section 363(b) provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under applicable case law in this and other jurisdictions, if a

8

debtor's proposed use of its assets pursuant to section 363(b) represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., In re MF Global Inc.,* 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Although not specified by section 363, the Second Circuit requires that transactions under section 363 be based on the sound business judgment of the debtor or trustee."); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983) (requiring "some articulated business justification" to approve the use, sale, or lease of property outside the ordinary course of business); *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct").

20.    As set forth above, the advancement of Postpetition Defense Costs to the Individuals is consistent with and required by the mandatory advancement provisions of the Bylaws and the Legacy Sabine Operating Agreement. *See* Bylaws Art. IX; Legacy Sabine Operating Agreement §9.5. Also as explained above, the Bylaws and the Legacy Sabine Operating Agreement continue to bind the Debtors postpetition. *See* Merger Agreement §6.8(a), (e); *see also In re Ampal-Am. Israel Corp.,* Case No. 12-13689 (SMB), 2013 WL 1400346, at *5 (Bankr. S.D.N.Y. Apr. 5, 2013) ("As a rule, a bankruptcy court will not interfere in the corporate governance of a debtor absent a clear abuse.") (citation omitted); *Fogel v. U.S. Energy Sys., Inc.,* 2008 WL 151857, at *1 (Del. Ch. Jan. 15, 2008) ("[F]ederal bankruptcy courts have held that corporate governance does not cease when a company files a petition under Chapter 11 and that issues of corporate governance are best left to the courts of the state of incorporation . . . ."); *In re Dark Horse Tavern,* 189 B.R. 576, 581 (Bankr. N.D.N.Y. 1995) ("The Second Circuit has

proffered the general rule that corporate governance should remain uncompromised by a bankruptcy reorganization proceeding.") (citing *In re Johns–Manville Corp.,* 801 F.2d 60, 64 (2d Cir.1986)).

21.    New York courts have emphasized the importance of rights of advancement in corporate policies.  "[O]ne of the beneficial purposes behind advancement is to help attract capable individuals into corporate service by easing the burden of litigation-related expenses.  In particular, advancement provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings." *Schlossberg v. Schwartz*, 2014 WL 1976650 at *10 (N.Y.Sup. 2014) (citing *Ficus Investments, Inc. v. Private Capital Mgmt., LLC*, 872 N.Y.S.2d 93, 99 (2009)); *see also Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 509 (Del. 2005) (noting that advancement and indemnification are rights "deeply rooted in the public policy" of corporate law).

22.    The relief requested is for advancement of reasonable legal fees related solely to the postpetition obligations arising as a result of the Stipulated Discovery Protocol and discovery related to the Rule 2004 Motion.[5]  Relief similar to that requested herein has been granted in this and other districts.   *See, e.g., In re RNI Wind Down Corporation*, Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) [Docket No. 531] (Order authorizing the advancement of costs and expenses for current and former directors, officers and employees pursuant to section 363(b)

---

[5]    Importantly, it is *not* a request for authorization to prepay any claim on account of an indemnification obligation or authorization for the payment of any amount for an Individuals' underlying liability once such issue has been adjudicated.  Under New York law, which governs the bylaws, claims of "[i]ndemnification and advancement of legal fees are two distinct corporate obligations" and create distinct remedies.  *See Crossroads ABL LLC v. Canaras Capital Mgmt., LLC*, 963 N.Y.S.2d 645, 645 (2013); *In re RNI Wind Down Corporation*, Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) H'r.g. Tr., at 125:14-17 (overruling multiple objections and authorizing a post-petition advancement by the debtors on the basis that the "cases and arguments [cited] are inapposite. The issue is advancement of legal fees, not the allowance of the indemnification claims.").

arising pursuant to a postpetition investigation by a committee); *In re Northwest Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. June 8, 2006) [Docket Nos. 2445, 2774] (twice authorizing the debtors to advance the legal defense costs for certain current and former directors and employees, for both pre and postpetition lawsuits, who were entitled to advancement by the debtors); *In re Tower Automotive, Inc.*, Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. June 14, 2005) [Docket No. 593) (Order authorizing the debtors to advance legal defense fees, costs and related expenses incurred by current and former directors and officers); *In re W.R. Grace*, Case No. 01-1139 (JKF) (Bankr. D. Del. December 13, 2004) ([Docket No. 7143] (authorizing the debtor to advance defense costs for current and former directors, officers and employees arising pursuant to a postpetition investigation, where the debtors' bylaws obligated the advancement); *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. December 7, 2010) [Docket No. 23054] (Order authorizing a Bankruptcy Rule 9019 settlement that incorporated a limited advancement of legal defense costs by the debtors to settle certain claims, to the extent that certain D&O policies were exhausted).

23. Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This broad authority is consistent with "the fundamental purpose of reorganization and [] the Act's grant of equity powers to bankruptcy courts[,]" which "is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors." *In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987).[6] To that end, the Court has "broad" authority under section 105(a) to "use its

---

[6]    *See also In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (stating that "the Bankruptcy Court's equitable power may be used to effectuate the purposes of Chapter 11, which include the 'restructuring of a business' finances to enable it to operate productively, provide jobs for its
(Continued)

11

equitable powers to assure the orderly conduct of the reorganization proceedings." *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985). Proceeding forward with the Postpetition Investigation with cooperation from the Individuals once they are represented by counsel is necessary to move forward with a restructuring plan and emergence from chapter 11.

## II.    Payments Are Appropriate In The Debtors' Business Judgment

24.    As the Debtors have concluded, it is also important to advance the defense costs now to ensure that the ongoing investigations conclude expeditiously. The Postpetition Investigation and its rapidly accruing Postpetition Defense Costs have required some of the most critical members of the Debtors' management team to devote personal time, energy and resources away from the Debtors' chapter 11 restructuring. And the investigation is heavily dependent on obtaining cooperation from former directors as well.

25.    Absent relief from this Court, the Individuals will be forced to now also defend themselves with their own resources, despite facing inquiry into, and potential claims concerning, their conduct as directors of the Debtors or their predecessors. The distractions to the Debtors' most critical decision makers and the cooperation required from former directors militate strongly in favor of Debtors honoring their obligations under their governance documents and paying the Individuals' legal fees. Put simply, not making these payments could impair the Independent Directors' Committee's investigation and the Debtors' reorganization efforts.

26.    The entire estate and all parties in interest thereto benefit by having the Postpetition Investigation moving steadily, and efficiently, forward. Greatly, if not most

---

employees, pay its creditors and produce a return for its stockholders.'" (quoting H.R. Rep. No. 595 95th Cong. 1st Sess. 16 (1977) U.S. Code Cong. & Admin. Code 1978, pp. 5787, 5963, 5977)).

importantly informing the Debtors business decision is the fact that without the proposed advancement the entire process will be decelerated while the Individuals focus on obtaining coverage and expending their personal resources, instead of freely cooperating with the Postpetition Investigation.

27.    Both the Bylaws and the Legacy Sabine Operating Agreement obligate the Debtors to advance these funds and the Individuals, many of whom are essential to the Debtors' reorganization efforts, are entitled to the advancement of Postpetition Defense Costs.    The Individuals provided their service and employment under the protections afforded by the Bylaws and Legacy Sabine Operating Agreement; all of the Individuals acted, or are currently acting, in their capacity as directors and officers of the Debtor with an expectation that the protective provisions of the applicable Bylaws would be upheld.    There is a strong corporate policy behind advancement provisions and its importance in the overall scheme of corporate governance and best practices.    *See Schwartz*, 2014 WL 1976650 at *10 (N.Y.Sup. 2014).    The promises and obligations of this Debtor and future bankrupt entities would carry little, if any, weight if upon a chapter 11 filing debtors would be allowed to dishonor corporate governance obligations that are explicitly provided for and required by controlling corporate documentation.

28.    The relief requested is thus narrowly tailored to protect the assets of the estates. *First*, the requested relief is limited to fees the Individuals reasonably incur in responding to discovery requests under the Stipulated Discovery Protocol or related Rule 2004 discovery. *Second*, to the extent that the Individuals' legal fees and expenses are covered by insurance, the Debtors will pursue and obtain reimbursement from the carriers.    *Third*, to the extent that it is later determined that any of the Individuals engaged in wrongful conduct that, if known, would have precluded them from having legal fees paid, the Debtors will seek recovery of fees paid

pursuant to this Motion from those Individuals.[7]

29.    As a result the Debtors have concluded in their business judgment that the benefits to the the estate of complying with their bylaws and encouraging and accelerating cooperation with the Independent Directors' Committee and the Creditors' Committee's ongoing investigations, justify the cost to the estates.

30.    For all these reasons, the advancement of legal defense costs pursuant to sections 105 and 363(b) of the Bankruptcy Code as sought herein are appropriate and in the best interests of the Debtors and their estates and creditors.

## Motion Practice

31.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.    Accordingly, the Debtors submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

32.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

33.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any

---

[7]    Notably, the Motion does not request authorization to pay any prepetition claim, by an Individual or otherwise, on account of an indemnification obligation or authorization for the payment of any amount for an Individuals' underlying liability once such issue has been adjudicated, and relates solely to the postpetition obligations arising as a result of Stipulated Discovery Protocol and related Rule 2004 discovery.

14

claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim. The Debtors further reserve their right to decide not to indemnify or make further advancements to any Individual who did not act in accordance with applicable state law, the Bylaws or the Legacy Sabine Operating Agreement.

## **Notice**

34.    The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Creditors' Committee; (d) the administrative agent under the Debtors' first lien credit facility; (e) counsel to the agent under the Debtors' first lien credit facility; (f) the administrative agent under the Debtors' second lien credit facility; (g) counsel to the agent under the Debtors' second lien credit facility; (h) the indenture trustee under the Debtors' 9.75% senior notes due 2017; (i) counsel to the indenture trustee under the Debtors' 9.75% senior notes due 2017; (j) the indenture trustee under the Debtors' 7.25% senior notes due 2019; (k) the indenture trustee under the Debtors' 7.5% senior notes due 2020; (l) counsel to certain holders of the 2019 and 2020 senior notes; (m) the United States Attorney's Office for the Southern District of New York; (n) the Internal Revenue Service; (o) the United States Securities and Exchange Commission; (p) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (q) the state attorneys general for states in which the Debtors conduct business;

15

and (r) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

35.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

16

WHEREFORE, the Debtors respectfully request entry of an order (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: October 20, 2015
      New York, New York

*/s/ Jonathan S. Henes*

Paul M. Basta, P.C.
Jonathan S. Henes, P.C.
Christopher Marcus, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] ) | Case No. 15-11835 (SCC) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | |

**ORDER AUTHORIZING DEBTORS' MOTION**
**TO ADVANCE POSTPETITION DEFENSE COSTS**
**OF CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS**

Upon the motion (the "Motion)[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") *Authorizing the Debtors to*

*Advance Postpetition Defense Costs of Certain Current and Former Directors and Officers*, all

as more fully set forth in the Motion; and upon this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are permitted to advance or reimburse, as applicable, certain legal fees, costs and related expenses incurred by certain of the Debtors' current and former officers and directors, as discussed in the Motion;

3.      The Debtors are authorized, but not directed, to advance payment for the Postpetition Defense Costs in connection with the Postpetition Investigation and/or any action(s) that may arise from, or that are related to, the Postpetition Investigation;

4.      To the extent that the Debtors pay any Postpetition Defense Costs, and any of the Individuals are subsequently found to have engaged in conduct for which they are not entitled to reimbursement, the Debtors (or their successor(s)-in-interest) shall, at that time, seek recovery of any Postpetition Defense Costs paid on account of such Individual;

5.      To the extent that the Debtors are able to obtain insurance coverage for any of the Individuals for the Postpetition Investigation, the the Debtors shall seek reimbursement, to the extent possible, from those insurance carriers for any Postpetition Defense Costs they advanced to the Individuals;

6.      Notwithstanding the relief granted herein and any actions taken hereunder,

2

nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2015

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

KE 38112465.7