**Hearing Date and Time**: October 30, 2015 at 12:00 p.m. ET
**Objection Deadline**: October 27, 2015

Alan W. Kornberg
Brian S. Hermann
Kyle J. Kimpler
Kellie A. Cairns
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
*Attorneys for Wilmington Trust, N.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*, | ) | Case No. 15-11835 (SCC) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**LIMITED OBJECTION OF THE SECOND LIEN AGENT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ADVANCE POSTPETITION DEFENSE COSTS OF CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS**

Wilmington Trust, N. A. (the "**Second Lien Agent**"), as successor administrative agent under the Second Lien Credit Agreement, dated as of December 14, 2012, among Sabine Oil & Gas LLC (n/k/a Sabine Oil & Gas Corporation), the lenders party thereto, and Bank of America, N.A., as original administrative agent, hereby submits this limited objection (the "**Limited Objection**") to the Debtors' *Motion for Entry of an Order Authorizing the Debtors to Advance Postpetition Defense Costs of Certain Current and Former Directors and Officers* [Docket No. 437] (the "**Motion**"), and in support thereof, respectfully states as follows:

**LIMITED OBJECTION**

1.       The Debtors seek to satisfy—in one-hundred cent dollars—their prepetition obligations to advance or reimburse legal fees and expenses (the "**Legal Fees**") incurred by certain current and former directors and officers in connection with the ongoing investigation of claims outlined in the Stipulated Discovery Protocol (the "**Rule 2004 Investigation**"). The Second Lien Agent, in consultation with the Second Lien Lenders, believes that the Motion improperly seeks to pay in full claims that would normally be treated as general unsecured claims. Nevertheless, the Second Lien Agent appreciates the Debtors' argument that advancing Legal Fees may expedite the Rule 2004 Investigation for the benefit of all creditors, but believes this is true only if the Legal Fees are limited to ensure that the costs don't outweigh the benefits. Accordingly, the Second Lien Agent respectfully requests that all Legal Fees advanced pursuant to the Motion be capped at $400,000.

2.       The overwhelming weight of authority provides that a claim for indemnity based on a prepetition agreement and on account of prepetition conduct is a general unsecured claim—even when expenses are incurred postpetition. *See, e.g.*, *In re Amfesco Indus., Inc.*, 81 B.R. 777 (Bankr. E.D. N.Y. 1988) (holding that directors' claims for reimbursement of legal expenses under prepetition indemnification provisions in the debtor's certificate of incorporation were pre-petition general unsecured claims where threatened litigation related to prepetition conduct); *In re Mid-Am. Waste Sys., Inc.*, 228 B.R. 816, 822 (Bankr. D. Del. 1999) ("An indemnification claim by an officer or director based on that officer's or director's prepetition services is not a claim on account of services rendered after the commencement of a case that is entitled to administrative priority. Instead, [such] indemnification claims are merely claims for prepetition compensation for services rendered, not unlike salary or other benefits."); *In re*

*Christian Life Center*, 821 F.2d 1370, 1375 (9th Cir. 1987) (denying litigation defense committee's substantial contribution claim for fees and expenses incurred in representing debtor's officer and finding that because such officer was sued for his pre-petition actions, such claim was "at most" a general unsecured claim not entitled to administrative priority as "the critical fact is that the claim for indemnity arose from pre-petition services [the officer] provided the corporation"); *In re Baldwin-United Corp.*, 43 B.R. 443, 456 (S.D. Ohio 1984) (same); *see also Trustees of Amalgamated Ins. Fund* v. *McFarlin's, Inc.*, 789 F.2d 98, 100-101 (2d Cir. 1986) ("[a]n expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession . . . . A debt is not entitled to priority simply because the right to payment arises after the debtor in possession has begun managing the estate.") (citations omitted).

3. Further, characterizing the Debtors' payment of Legal Fees as an "advance," rather than an "indemnity," does not alter the nature of such claim in bankruptcy because "advancement" is equally an obligation based on a pre-petition contract relating to the directors' and officers' prepetition conduct. *See Wojcik* v. *Hudson Funding LLC*, 2013 WL 2085959 (N.D. Ohio May 13, 2013) (denying motion for advancement of legal fees and indemnity asserted by directors and officers because claims were not entitled to administrative expense priority). The Debtors' reliance on *RNI Wind Down* as making a distinction between advancement and indemnity is inapposite because the debtors there were "grossly solvent" and therefore argued that advancement was simply "a timing issue" because all claims would eventually be paid in full. *In re RNI Wind Down Corp.* Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) Hr'g Tr. at 101-102. Here, even if the directors and officers are later found to hold valid indemnification claims, they will have received more than similarly situated

3

prepetition creditors; and the Motion contains no mechanism for the Debtors to recover advances in the almost certain case that unsecured creditors recover less than one-hundred percent on their claims. Thus, advancing Legal Fees that may later comprise an indemnity claim is not a "timing issue" in this case, but a likely violation of the absolute priority rule.[1]

4. Nonetheless, after consulting with certain Second Lien Lenders, the Second Lien Agent determined that payment of the Legal Fees, **if** appropriately tailored, may constitute a reasonable exercise of the Debtors' business judgment by expediting the Rule 2004 Investigation for the benefit of all creditors. The Second Lien Agent therefore proposed that the Debtors cap the amount of all advances made pursuant to the Motion at $400,000.00.

5. The Debtors' advancement of Legal Fees necessarily requires a cap to ensure that the benefits the Debtors seek to obtain by the Motion are not outweighed by the costs, and also so that the directors and officers can direct their counsel to work efficiently within the cap and control costs. The few instances cited by the Debtors where a court has allowed the advancement of defense costs to directors and officers involved hard caps on the amounts advanced. *See In re RNI Wind Down Corp.*, Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) [Docket No. 531]; *In re Northwest Airlines Corp.*, Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. June 8, 2006) [Docket No. 2601]; *In re Tower Automotive, Inc.*, Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. June 14, 2005) [Docket No. 593]; *In re Lehman Brothers Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. December 7, 2010) [Docket No. 21852].[2]

---

[1] Additionally, the Current Sabine Bylaws require the Debtors to "advance **or promptly reimburse**" Legal Fees, and therefore the Debtors are **not** required to advance Legal Fees, but have the right to later reimburse such fees, which obligation would create a prepetition claim. (Mot. ¶ 9 (emphasis added).)

[2] Notably, the only case cited in the Motion where a court permitted advancement of legal fees for an investigation similar to the Rule 2004 Investigation is *RNI Wind Down*, which involved a "grossly solvent" debtor. *See supra* ¶ 3. Each of the other cases involved criminal investigations or pending class actions against

4

6.      The Second Lien Agent respectfully submits that a $400,000 cap is more than reasonable and appropriate in these circumstances. The Debtors propose to advance Legal Fees that the directors and officers "incur solely in responding to postpetition information requests or related Rule 2004 discovery in connection with" the Rule 2004 Investigation. (Mot. ¶ 1.)[3] The Debtors will also require similarly situated directors and officers to be represented by common counsel. (*Id.*) Further, the Debtors recently stated that they aim to be done with third-party discovery by December 1, 2015. *In re Sabine Gas & Oil Corp.*, No. 15-11835 (Bankr. S.D.N.Y. October 15, 2015) Hr'g Tr. at 124:2-6. A $400,000 cap should be sufficient to cover the advance of Legal Fees incurred solely in connection with document collection, document production, and limited depositions over the next six weeks.

## CONCLUSION

The Second Lien Agent respectfully requests that the Court deny the Motion to the extent inconsistent with this Limited Objection.

---

the directors and officers in other courts where a judgment could have a potential collateral effect on claims against the debtors.

[3] The Proposed Order submitted with the Motion provides that the Debtors may also advance Legal Fees for the defense of "any action(s) that may arise from, or that are related to" the Rule 2004 Investigation. The Proposed Order should be revised to be consistent with the Motion and only cover the Rule 2004 Investigation. The Debtors provide no justification in the Motion for indemnifying the defense of actions "related to" the Rule 2004 Investigation.

5

| | |
|---|---|
| Dated: New York, New York<br>October 27, 2015 | PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP |

By: __/s/ Alan W. Kornberg_____

Alan W. Kornberg (akornberg@paulweiss.com)
Brian S. Hermann (bhermann@paulweiss.com)
Kyle J. Kimpler (kkimpler@paulweiss.com)
Kellie A. Cairns (kcairns@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Wilmington Trust, N.A.*