Paul M. Basta, P.C.  
Jonathan S. Henes, P.C.  
Christopher Marcus, P.C.  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
601 Lexington Avenue  
New York, New York 10022  
Telephone:    (212) 446-4800  
Facsimile:    (212) 446-4900  

James H.M. Sprayregen, P.C.  
Ryan Blaine Bennett (admitted *pro hac vice*)  
Brad Weiland (admitted *pro hac vice*)  
**KIRKLAND & ELLIS LLP**  
**KIRKLAND & ELLIS INTERNATIONAL LLP**  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200  

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) Case No. 15-11835 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### DEBTORS' OMNIBUS STATEMENT IN SUPPORT OF THE MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ADVANCE POSTPETITION DEFENSE COSTS OF CERTAIN CURRENT AND FORMER DIRECTORS AND OFFICERS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") submit this omnibus statement (the "Statement"), in response to the objections (the "Objections")[2] filed by the Forest Noteholders, Second Lien Agent and the Creditors' Committee

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corporation (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2] *Objection Of The Ad Hoc Consortium Of Forest Noteholders And Forest Notes Indenture Trustees To Debtors' Motion For Entry Of An Order Authorizing The Debtors To Advance Postpetition Defense Costs Of Certain Current And Former Directors And Officers* [Docket No. 455] (filed by the "Forest Noteholders"); *Limited Objection of the Second Lien Agent to the Debtors' Motion for Entry of an Order Authorizing The Debtors To Advance Postpetition Defense Costs Of Certain Current And Former Directors And Officers* [Docket No. 460] (filed by the "Second Lien Agent"); *Objection of the Official Committee of*

(the "Respondents") to the Debtors' motion (the "Motion")[3] seeking the entry of an order authorizing the Debtors to advance postpetition defense costs of certain current and former directors and officers, and respectfully state as follows:

**STATEMENT**

1. The Debtors' focus in connection with this Motion has been to advance the Postpetititon Investigation. For the reasons set forth in the Motion and below, the Debtors believe advancing the Postpetition Defense Costs will eliminate acrimony and cost in connection with the Postpetition Investigation and related discovery and absolutely will move the Postpetition Investigation along at an accelerated pace. The Debtors intentionally are not taking a position regarding whether the claims for Postpetition Defense Costs are *per se* postpetition claims,[4] *per se* prepetition claims,[5] or *per se* beneficial in a chapter 11 context. Regardless of

---

*Unsecured Creditors to Debtors' Motion For Entry Of An Order Authorizing The Debtors To Advance Postpetition Defense Costs Of Certain Current And Former Directors And Officers* [Docket No. 461] (filed by the "Creditors' Committee").

[3] *Debtors' Motion for Entry of an Order Authorizing the Debtors to Advance Postpetition Defense Costs of Certain Current and Former Directors and Officers* [Docket No. 437]. Capitalized terms not defined herein shall have the meaning given to them in the Motion.

[4] Even if such claims were deemed to "arise" postpetition, they would be payable under section 363 of the Bankruptcy Code, which allows the Debtors to use property of the estate in their business judgment. *See generally In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Keene Corp.*, 208 B.R. 112, 116 (Bankr. S.D.N.Y. 1997) ("Corporate fiduciaries . . . may recover their legal fees and expenses on an administrative basis, at least to the extent they arise from defending postpetition conduct as an officer or director."); *In re Sahlen & Assoc.*, 113 B.R. 152, 153 (Bankr. S.D.N.Y. 1989) (debtor was ordered to indemnify its directors for both their prepetition and postpetition legal fees in accordance with articles of incorporation, and such claims were entitled to administrative expense priority); *In re Schatz Fed. Bearings Co.*, 17 B.R. 780, 784 (Bankr. S.D.N.Y. 1982) (debtor obligated to pay directors' legal fees where they were not covered by insurance to protect them against individual liabilities arising out of their services as directors).

[5] Even if such claims were determined to be prepetition claims, they would be payable under section 105 of the Bankruptcy Code, which empowers the bankruptcy court to permit preplan payments of prepetition obligations when essential to the continued operation of the debtor's business. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 175, 177 (Bankr. S.D.N.Y. 1989) (finding that section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor); *see also In re NVR L.P.*, 147 B.R. 126, 127-28 (Bankr. E.D. Va. 1992) (explaining the rationale for the necessity of payment rule as the rehabilitation of a debtor in chapter 11, which is "the paramount policy

whether such obligations could be reduced to claims and when such claims would arise, the advancements should be paid pursuant to sections 363 and 105 of the Bankruptcy Code.[6] Given the particular circumstances of this case and this investigation, advancement would be appropriate and beneficial to the estates. As set forth in the Motion, the Debtors have satisfied the applicable standards under both sections 363 and 105 of the Bankruptcy Code, and, in their business judgment, have determined it is necessary to advance the payments in furtherance of the Postpetition Investigation. Further, as detailed in the Motion, the advancement of legal fees, under the limited circumstances and subject to the conditions set forth in the Motion, is consistent with the advancement provisions of the Legacy Sabine Operating Agreement, the Legacy Forest Bylaws and the Current Sabine Bylaws.

2.  It goes without saying that moving the Postpetition Investigation to conclusion would benefit the estates. That is particularly true given that the treatment of claimants under a plan of reorganization hinges, in no small part, on the completion of that investigation and on the Independent Committee's conclusions with respect to the investigated claims. Here, advancement as set forth herein is necessary (1) to ensure timely cooperation from directors and officers burdened by the Postpetition Investigation, (2) to avoid the Postpetition Investigation distracting the Debtors' most essential decision makers, and (3) to ensure fair and consistent treatment of those decision makers by the Debtors.

---

and goal of Chapter 11."); *In re Just For Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (finding that payment of certain prepetition claims "essential to the survival of the debtor during the chapter 11 reorganization").

[6] Indeed, similar objections was raised and overruled in *RNI Wind Down Corporation*. *See* Obj. of the Equity Comm., *In re RNI Wind Down Corp.*, Case No. 06-10110 (CSS) (Bankr. D. Del. June 26, 2006) [Docket No. 454]. In response, the Court stated: "I am going to overrule the Equity Committee's objection. I think their cases and arguments are inapposite. The issue is advancement of legal fees, not the allowance of the indemnification claims . . . It doesn't matter if it's a pre-petition act, the Equity Committee's investigating. It doesn't matter if it's a post-petition act, the Equity Committee's investigating." *In re RNI Wind Down Corporation*, Case No. 06-101100 (CSS) (Bankr. D. Del. June 30, 2006) [Docket No. 489] H'rg. Tr., at 125:14-17, 126:20-22.

3.       The decision by the Debtors' Independent Directors' Committee to advance certain legal fees has already yielded cooperation from the Forest Oil directors, whose document production is currently underway and who have agreed to sit for depositions, allowing the Postpetition Investigation to proceed without the delay that would be associated with an adversarial and contested discovery process.  In addition, the advancement of fees ensures that the Debtors' CEO and current members of the Debtors' board of directors focus their attention on the business at hand—navigating the Debtors through the restructuring process.  Finally, from the Debtors' perspective, treating all current board members similarly avoids creating potentially counterproductive and disruptive divisions on the Debtors' current Board of Directors and eliminates any implication that parties have prejudged whether certain directors have engaged in wrongdoing.  Accordingly, the Debtors have concluded, in their business judgment that it is in the Debtors' best interests to pay the Individuals' legal fees associated with responding to the Postpetition Investigation, subject to the limitations set forth in the governing corporate documents.

4.       To be clear, the Debtors are not opposed to implementing reasonable caps on the advancement of Postpetition Defense Costs.  In fact, the Debtors have agreed to interim caps (without prejudice to the Individuals to apply for additional fees) for all board members and officers whose legal fees are advanced for the Postpetition Investigation.

5.       More specifically, the Independent Directors' Committee has concluded that fee advancement is appropriate for the following Individuals:[7]

---

[7] For the avoidance of doubt, and to provide clarification, the Debtors are *not* seeking to advance any payments to the members of the Independent Directors' Committee.  It was inadvertent that the Motion listed an Independent Director as a potential member of the defined term "Individual."

4

6. <u>Forest Oil Directors</u>.  The 7 former legacy Forest Oil directors are targets of discovery under the Stipulated Discovery Protocol, as their documents and testimony are relevant to, at a minimum, claims for fiduciary breach and intentional fraudulent transfer.  In order to ensure their cooperation—particularly as to claims for which they are potential defendants—the legacy Forest Oil directors insisted that the Debtors comply with the Legacy Forest Bylaws and advance the directors' legal fees.  Because doing so would materially advance the Postpetition Investigation, the Independent Directors' Committee authorized the advancement, provided that group of directors is represented by the same counsel and that they sign the appropriate undertakings under the Bylaws and Legacy Sabine Operating Agreement.

7. That arrangement is working as intended.  The legacy Forest Oil directors have jointly retained one law firm, they are moving forward with their document productions, and they have agreed that three of the directors shall sit for deposition.  The Debtors understand that the legacy Forest Oil directors have agreed, through negotiations with the Creditors' Committee, to an interim cap for fees incurred in the Postpetition Investigation.

8. <u>Current and Former Sabine Directors</u>.  The Independent Directors' Committee further determined that fees should also be advanced to Old Sabine directors—all but one of whom is also a current director of the Debtors.  Notably, one of these current directors is the Debtors' Chief Executive Officer.  In order to ensure that the Debtors' central decision makers are not unduly distracted by the demands made by the Postpetition Investigation and can continue to focus their attention on getting the Debtors through a restructuring, the Independent Directors' Committee approved the advancement of fees for their counsel.

9. Initially, three directors requested advancement—David Sambrooks, the President and Chief Executive Officer, and two other current board members.  Those directors retained Curtis Mallet-Prevost, Colt & Mosle LLP ("<u>Curtis Mallet</u>") to represent them.  The Debtors have

5

discussed the issue with Curtis Mallet and understand their clients would agree to a reasonable cap as well.

10. In addition, three Old Sabine directors affiliated with First Reserve—two of whom are Debtors' current directors—have asked to be treated similarly to Mr. Sambrooks and the two other directors being represented by Curtis Mallet. Because Quinn Emanuel Urqhart & Sullivan LLP ("Quinn Emanuel") had already been representing those three directors in connection with collecting and reviewing documents sought in the Postpetition Investigation, the First Reserve-affiliated directors requested that Quinn Emanuel continue to represent them. The Independent Directors' Committee concluded that, under the circumstances, advancing those fees would be appropriate to ensure that those directors continue to cooperate in the Postpetition Investigation and, equally important, to avoid creating false divisions among the Debtors' board that could lead to dissent and conflicts among board members.

11. Again, the Debtors' understanding is that Quinn Emanuel's clients would agree to a reasonable cap and are willing to work cooperatively with the Debtors and the Creditors' Committee in the discovery process.

12. At bottom, the Old Sabine and Forest Oil directors are all similarly situated insofar as they are subjects of the Postpetition Investigation and their voluntary cooperation would keep the investigation moving forward, toward conclusion. In addition, the Debtors' CEO and other current board members are all similarly situated insofar as the Debtors have a real interest in limiting their distraction and in avoiding board-level conflict by treating some current board members differently than others. Thus, from the Debtors' standpoint, the current directors should all be treated similarly and be advanced legal fees related to the Postpetition Investigation, subject to the limitations set forth in the operative governance documents.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court: (a) overrule the Objections and (b) grant such other and further relief as the Court may deem just and appropriate.

Dated:  October 29, 2015             */s/ Jonathan S. Henes*
        New York, New York           Paul M. Basta, P.C.
                                     Jonathan S. Henes, P.C.
                                     Christopher Marcus, P.C.
                                     KIRKLAND & ELLIS LLP
                                     KIRKLAND & ELLIS INTERNATIONAL LLP
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:   (212) 446-4800
                                     Facsimile:   (212) 446-4900

                                     - and -

                                     James H.M. Sprayregen, P.C.
                                     Ryan Blaine Bennett (admitted *pro hac vice*)
                                     Brad Weiland (admitted *pro hac vice*)
                                     KIRKLAND & ELLIS LLP
                                     KIRKLAND & ELLIS INTERNATIONAL LLP
                                     300 North LaSalle Street
                                     Chicago, Illinois 60654
                                     Telephone:   (312) 862-2000
                                     Facsimile:   (312) 862-2200

                                     *Counsel to the Debtors and Debtors in Possession*