**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) | Case No. 15-111835 (SCC) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (I) APPROVING (A) OMNIBUS CLAIMS OBJECTION
PROCEDURES AND (B) OMNIBUS CLAIMS SATISFACTION PROCEDURES,
(II) AUTHORIZING THE REORGANIZED DEBTORS TO FILE SUBSTANTIVE
OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c),
(d), AND (III) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion") of above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and before the Effective Date[2] of the Plan, the "Debtors"), for entry of an order (this "Order") (I) approving (a) the Objection Procedures attached hereto, (b) the Satisfaction Procedures attached hereto, (II) authorizing the Reorganized Debtors to assert substantive objections to Claims (including administrative expense requests) in an omnibus format pursuant to Bankruptcy Rule 3007(c) and (d), and (III) waiving the requirement in Bankruptcy Rule 3007(e)(6) that Omnibus Objections contain objections to no more than one hundred (100) Claims, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Reorganized Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Reorganized Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to

28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best

interests of the Reorganized Debtors, their estates and creditors, and all other parties in interest;

and notice of the Motion appearing adequate and appropriate under the circumstances; and the

Court having found that no other or further notice need be provided; and the Court having

reviewed the Motion; and the Court having determined that the legal and factual bases set forth

in the Motion establish just cause for the relief granted herein; and any objections to the relief

requested herein having been withdrawn or overruled on the merits; and after due deliberation

and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the

Bankruptcy Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the

Reorganized Debtors may file Omnibus Objections that include objections to Claims (including

administrative expense requests) on any basis provided for in Bankruptcy Rule 3007(d) and/or

the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, the Reorganized Debtors may object to more than one

hundred (100) Claims in a single Omnibus Objection.

4.      The Reorganized Debtors may file and prosecute any Omnibus Objections, other

than objections to Claims filed by governmental units as defined in section 101(27) of the

Bankruptcy Code, in accordance with the Objection Procedures attached hereto as **Exhibit 1**,

which are approved, and the other procedural safeguards set forth in Bankruptcy Rule 3007(e).

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved.

6.      Except as to Claims filed by governmental units as defined in section 101(27) of the Bankruptcy Code, the Reorganized Debtors may mail Notices of Satisfaction in accordance with the Satisfaction Procedures attached hereto as **Exhibit 3**, which are approved, that notify certain claimants of the Reorganized Debtors' belief that those Claims have been satisfied in full and will, therefore, be expunged from the Claims Register absent a response from the Claim holder.

7.      The form of Notice of Satisfaction attached to the Motion as **Exhibit 4** is approved.  To the extent no response is received from the recipient of the Notice of Satisfaction, such Claim shall be expunged from the Claims Register and such recipient shall not be treated as a creditor with respect to the Claim for purposes of distribution.

8.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any Claim asserted against the Debtors or Reorganized Debtors, as applicable, in the chapter 11 cases, or a waiver of any right of the Debtors or Reorganized Debtors, as applicable, to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such Claims.

9.      The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: September 21, 2016

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

### **Objection Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | Case No. 15-11835 (SCC) |
| Reorganized Debtors. | Jointly Administered |

## PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS

On August 23, 2016, the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and before the Effective Date[2] of the Plan, the "Debtors"), filed the *Reorganized Debtors' Motion for Entry of an Order (I) Approving (a) Omnibus Claims Objection Procedures and (b) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. ___] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [_____], 2016, the Court entered an order [Docket No. __] (the "Order") approving the Motion, including these omnibus objection procedures.

### Omnibus Objections

1. <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors may file omnibus objections (each, an "Omnibus Objection") to Claims on the grounds that such Claims, in part or in whole:

    a.    are inconsistent with the Debtors' books and records;

    b.    fail to specify the asserted Claim amount (or only list the Claim amount as "unliquidated");

    c.    fail to sufficiently specify the basis for the Claim or provide sufficient supporting documentation in support of such Claim;.

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Reorganized Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Reorganized Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

      d.      seek recovery of amounts for which the Debtors are not liable;

      e.      are satisfied by payment in full on account of such Claim from a party that is not a Debtor or a Reorganized Debtor;

      f.      are to be satisfied by one or more of the Debtors' insurers;

      g.      are incorrectly or improperly classified;

      h.      have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the Claim;

      i.      are filed against non-Debtors or are filed against multiple Debtors; or

      j.      are disallowed pursuant to section 502 of the Bankruptcy Code.

2.    <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.    <u>Supporting Documentation</u>.  To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the Claim.

4.    <u>Claims Exhibits</u>.  An exhibit listing the Claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the Claims to which there is a common basis for the Omnibus Objection.  Claims for which there is more than one basis for the Omnibus Objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information, alphabetized by claimant:

      a.      the Claims that are the subject of the Omnibus Objection and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

      b.      the asserted amount of the Claim;

      c.      the grounds for the Omnibus Objection;

      d.      a cross-reference to the section of the Omnibus Objection discussing such Claim; and

      e.      other information, as applicable, including:  (i) the proposed classification of Claims the Reorganized Debtors seek to

reclassify; (ii) the reduced Claim amounts of Claims the Reorganized Debtors seek to reduce; or (iii) the surviving Claims, if any, of groups of Claims the Reorganized Debtors seek to expunge.

5.    <u>Objection Notice</u>.  Each Omnibus Objection will be accompanied by a customized objection notice, substantially in the form annexed to the Order as **<u>Exhibit 2</u>**, (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, Claim, or objection, which will:

      a.    describe the basic nature of the Omnibus Objection;

      b.    inform creditors that their rights may be affected by the Omnibus Objection;

      c.    describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

      d.    identify the hearing date, if applicable, and related information; and

      e.    describe how copies of Proofs of Claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.    <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the Proof of Claim or their respective attorney of record, (b) the U.S. Trustee, and (c) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.    <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "<u>Hearing</u>").  In the Reorganized Debtors' sole discretion, and after notice to the affected claimant, the Reorganized Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date.  For Claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures or (b) a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Reorganized Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such Claim.  If such Claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Reorganized Debtors did not file a notice of hearing previously.

8.    <u>Claims Paid or Payable by Third Parties</u>.  The Reorganized Debtors shall provide twenty-one (21) days' notice to the affected claimant party set forth on the Proof of Claim or their respective attorney of record prior to any disallowance of such Claim on the grounds that such Claims either (1) received payment in full on account of such Claim from a party that is not the Debtors or Reorganized Debtors or (2) are to be satisfied, in part or in whole, by one or more

of the Debtors' insurers. During this period, the affected claimant may object to such disallowance, and if the parties cannot reach an agreed resolution, the matter shall be decided by the Court. *See* Plan, Art VI.G.

9.    <u>Contested Matter</u>. Each Claim subject to an Omnibus Objection, along with any Responses thereto, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such Claim. The Reorganized Debtors may, in their discretion and in accordance with other orders of this Court, the Plan, or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested Claims without any further notice to or action, order, or approval of the Court.

## **<u>Responses to Omnibus Objections</u>**

10.    <u>Parties Required to File a Response</u>. Any party who disagrees with an Omnibus Objection is required to file a Response in accordance with the procedures set forth herein. If a claimant whose Claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Omnibus Objection with respect to such Claim without further notice to the claimant.

11.    <u>Response Contents</u>. Each Response must contain the following (at a minimum):

a.    a caption stating the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and

email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Omnibus Objection on the claimant's behalf.

12.    Filing and Service of the Response.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern Time) on the day that is twenty (20) calendar days from the date the Omnibus Objection is served (the "Response Deadline") by the following parties (the "Notice Parties"):

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sabine Oil & Gas Corporation 1415 Louisiana, Suite 1600 Houston, Texas 77002 Attn:  Michael Magilton | Kirkland & Ellis LLP 601 Lexington Avenue New York, New York 10022 Attn:  Jonathan S. Henes, P.C., Christopher Marcus, P.C., Cristine Pirro, and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Ryan Blaine Bennett | Office of the United States Trustee for the Southern District of New York 201 Varick Street, Suite 1006 New York, New York 10014 Attn:  Paul K. Schwartzberg |

13.    Discovery.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

14.    Failure to Respond.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Omnibus Objection to a Claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing**.  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

5

15.    <u>Reply to a Response</u>.  The Reorganized Debtors shall be permitted to file a reply to any Response no later than two (2) business days before the hearing with respect to the relevant Omnibus Objection.

## **<u>Miscellaneous</u>**

16.    <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sabine.  Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Reorganized Debtors' Notice and Claims Agent at the following address:  Sabine Oil & Gas Corp., *et al.*, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

17.    <u>Reservation of Rights</u>.    NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## EXHIBIT 2

**Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) | Case No. 15-11835 (SCC) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF OBJECTION TO FILED PROOFS OF CLAIM AND DEADLINE BY WHICH A RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT

    **PLEASE TAKE NOTICE THAT** Sabine Oil & Gas Corporation and its affiliates, (collectively, the "Reorganized Debtors" and before the Effective Date[2] of the Plan, the ("Debtors")), are objecting to your Claim(s) by the attached objection (the "Objection").

> **YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO.  PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED.  THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## Important Information Regarding the Objection

    <u>Grounds for the Objection</u>.  By the Objection, the Reorganized Debtors are seeking to [disallow/expunge/reclassify/reduce] your Claim(s) listed in the table below on the grounds that your Claim(s) [is/are] [_____].  The Claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

---

[1]     The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Reorganized Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Reorganized Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

| Claimant Name | Claim No. | Debtor | Asserted Claim Amount[3] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Objection Procedures.  On [___], 2016, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objections to Claims asserted against the Debtors in the chapter 11 cases (the "Objection Procedures").  *Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.*

## Resolving the Objection

Resolving Objections.  To facilitate the consensual resolution of the Objection, certain of the Reorganized Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed Claims without the need for filing a formal response or attending a hearing.  To facilitate such a discussion, please contact Gene Goldmintz of Kirkland & Ellis LLP, counsel to the Reorganized Debtors, by (i) emailing gene.goldmintz@kirkland.com or (ii) calling (212) 909-3247 within twenty (20) calendar days after the date of this notice.  Please have your Proof(s) of Claim and any related material available for any such discussions.

Parties Required to File a Response.  If you are not able to consensually resolve the Objection filed with respect to your Claim as set forth above, you must file a response (each, a "Response") with the Court in accordance with the procedures described below.

Response Contents.  Each Response must contain the following (at a minimum):

a.    a caption with the name of the Court, the name of the Debtors, the case number, the title of the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b.    a concise statement setting forth the reasons why the Court should not grant the Omnibus Objection with respect to your Claim, including the specific factual and legal bases upon which you rely in opposing the Omnibus Objection ;

c.    a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection; *provided, however*, that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further, however,* that the claimant shall disclose to the

---

[3]    Asserted Claim amounts listed as $0.00 reflect that the Claim amount asserted on the Proof of Claim is "unliquidated."

Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Omnibus Objection on your behalf.

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* **by 4:00 p.m. (prevailing Eastern Time) on [___], 2016** (the "Response Deadline") by the following parties (the "Notice Parties"):

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sabine Oil & Gas Corporation 1415 Louisiana, Suite 1600 Houston, Texas 77002 Attn:  Michael Magilton | Kirkland & Ellis LLP 601 Lexington Avenue New York, New York 10022 Attn:  Jonathan S. Henes, P.C., Christopher Marcus, P.C., Cristine Pirro, and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Ryan Blaine Bennett | Office of the United States Trustee for the Southern District of New York 201 Varick Street, Suite 1006 New York, New York 10014 Attn:  Paul K. Schwartzberg |

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Objection to a claim, failure to timely file and serve a Response as set forth herein may result in the Court granting the Objection without further notice or hearing**.  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on [___], 2016, at [___] prevailing Eastern Time, before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Southern District of New York, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Reorganized Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  If such Claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing, to the extent the Reorganized Debtors did not file a notice of hearing previously.

Discovery.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing,  or  may  be  provided  by  separate  notice.    In  accordance  with Local Bankruptcy Rule 9014-2, the first hearing on any Omnibus Objection contested with respect a particular Claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## Additional Information

Additional Information.  Copies of the Objection Procedures, the Objection, or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sabine.  Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Reorganized Debtors' Notice and Claims Agent at the following address:  Sabine Oil & Gas Corp., *et al.*, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY OBJECTION OR IN ANY OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT ANY COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO THE CLAIM (OR ANY OTHER CLAIMS OR CAUSES OF ACTION OF ANY CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT ALLOWS A CLAIM OR SPECIFICALLY ORDERS OTHERWISE) OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE. IN SUCH EVENT, THE AFFECTED CLAIMANT WILL RECEIVE A SEPARATE NOTICE OF ANY SUCH OBJECTION.**

4

## EXHIBIT 3

**Satisfaction Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) | Case No. 15-11835 (SCC) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## PROCEDURES FOR SERVING NOTICES OF SATISFACTION

On August 23, 2016, the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" and before the Effective Date[2] of the Plan, the "Debtors"), filed the *Reorganized Debtors' Motion for Entry of an Order (I) Approving (a) Omnibus Claims Objection Procedures and (b) Omnibus Claims Satisfaction Procedures, (II) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), (d), and (III) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. ___] (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [_____], 2016, the Court entered an order [Docket No. __] (the "Order") approving the Motion, including these procedures for serving notices of satisfaction (the "Satisfaction Procedures").

### Satisfaction Procedures

1.    Grounds for Satisfaction Procedures.    The Reorganized Debtors may serve omnibus notices of satisfaction (each, a "Notice of Satisfaction") with respect to Claims (including administrative expense requests) on the grounds that such Claims, according to the Debtors' books and records, have been satisfied in full pursuant to the Plan or an order of the Court.

### Responses to Notices of Satisfaction

2.    Parties Required to File a Response.    Any party who disagrees with a Notice of Satisfaction is required to file a response (each, a "Response") in accordance with the procedures set forth herein, provided, however, that such party may not object to the Cure Amount or any

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include:  Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Reorganized Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Reorganized Debtors' service address is:  1415 Louisiana, Suite 1600, Houston, Texas 77002.

[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

other amount previously approved by an order of the Court.  If a claimant whose Claim is subject to a Notice of Satisfaction does not file and serve a Response in compliance with the procedures below, the Debtors are authorized to instruct the Notice and Claims Agent to expunge such Claim from the Claims Register without further notice to the claimant.

3.      <u>Response Contents</u>.  Each Response to a Notice of Satisfaction must contain the following (at a minimum):

        a.      a caption stating the name of the Court, the name of the Debtors, the case number, the Notice of Satisfaction to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

        b.      a concise statement setting forth the reasons why the Court should not grant the Notice of Satisfaction with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Notice of Satisfaction;

        c.      a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Notice of Satisfaction; *provided, however,* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Omnibus Objection; *provided, further, however,* that the claimant shall disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

        d.      the following contact information for the responding party:

            (i)      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

            (ii)      the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the Notice of Satisfaction on the claimant's behalf.

2

4.    _Filing and Service of the Response_.  A Response will be deemed timely only if it is filed with the Court and _actually received_ on or before the Response Deadline (as defined in the Notice of Satisfaction) by the following parties (the "Notice Parties"):

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sabine Oil & Gas Corporation<br>1415 Louisiana, Suite 1600<br>Houston, Texas 77002<br>Attn:  Michael Magilton | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Jonathan S. Henes, P.C., Christopher Marcus, P.C., Cristine Pirro, and Gene Goldmintz<br><br>and<br><br>Kirkland & Ellis LLP,<br>300 North LaSalle Street,<br>Chicago, Illinois 60654,<br>Attn:  Ryan Blaine Bennett | Office of the United States Trustee for the Southern District of New York<br>201 Varick Street, Suite 1006<br>New York, New York 10014<br>Attn:  Paul K. Schwartzberg |

5.    _Failure to Respond_.  A Response that is not filed and served by the Response Deadline in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Response to the Notice of Satisfaction, failure to timely file and serve a Response as set forth herein may result in the Debtors causing its Notice and Claims Agent to expunge such Claims from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution**.  Upon entry of an order sustaining a Notice of Satisfaction, affected creditors will be served with such order.

## Miscellaneous

6.    _Additional Information_.  Copies of these procedures, the Motion, or Order or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sabine.  Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Reorganized Debtors' Notice and Claims Agent at the following address:  Sabine Oil & Gas Corp., _et al._, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

7.    _Reservation of Rights_.  NOTHING IN ANY NOTICE OF SATISFACTION IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE DEBTORS OR REORGANIZED DEBTORS, AS APPLICABLE, TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK

TO ESTIMATE ANY CLAIM AT A LATER DATE.   AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

## **EXHIBIT 4**

**Notice of Satisfaction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SABINE OIL & GAS CORPORATION, *et al.*,[1] | ) | Case No. 15-11835 (SCC) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

---

**NOTICE OF SATISFACTION**

     **PLEASE TAKE NOTICE THAT** Sabine Oil & Gas Corporation and its affiliates, as debtors and debtors in possession, on and prior to August 10, 2016, and as reorganized debtors after August 10, 2016 (collectively, the "Debtors") have identified you as holding the below Claim(s) against the Debtors, which according to the Debtors' books and records, have been satisfied in full as follows:

| Claimant Name | Claim / Schedule No. | Total Claim Value |
|---|---|---|
| | | |

     **PLEASE TAKE FURTHER NOTICE THAT pursuant to the payments under the Plan and during the Debtors' chapter 11 cases, the Debtors believe you are not owed any amounts that relate to periods before July 15, 2016.**

     **PLEASE TAKE FURTHER NOTICE THAT** if you wish to contest the Debtors' position that your Claim(s) has/have been fully satisfied pursuant to the the Plan or an order of the Court you must file a response in writing (each, a "Response") and file it with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10022-1408, Attn: Vito Genna, and served upon the undersigned and the Notice Parties:

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Sabine Oil & Gas Corporation (4900); Giant Gas Gathering LLC (3438); Sabine Bear Paw Basin LLC (2656); Sabine East Texas Basin LLC (8931); Sabine Mid-Continent Gathering LLC (6085); Sabine Mid-Continent LLC (6939); Sabine Oil & Gas Finance Corp. (2567); Sabine South Texas Gathering LLC (1749); Sabine South Texas LLC (5616); and Sabine Williston Basin LLC (4440). The location of Reorganized Debtor Sabine Oil & Gas Corporation's corporate headquarters and the Reorganized Debtors' service address is: 1415 Louisiana, Suite 1600, Houston, Texas 77002.

| Reorganized Debtors | Counsel to Reorganized Debtors | United States Trustee |
|---|---|---|
| Sabine Oil & Gas Corporation 1415 Louisiana, Suite 1600 Houston, Texas 77002 Attn: Michael Magilton | Kirkland & Ellis LLP 601 Lexington Avenue New York, New York 10022 Attn: Jonathan S. Henes, P.C., Christopher Marcus, P.C., Cristine Pirro, and Gene Goldmintz and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Ryan Blaine Bennett | Office of the United States Trustee for the Southern District of New York 201 Varick Street, Suite 1006 New York, New York 10014 Attn: Paul K. Schwartzberg |

Responses, if any, must be served so as to be **actually received** on or before **4:00 p.m. prevailing Eastern Time on [    ], 2016**, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Response Deadline"). You may not object to the Cure Amount or any other amount previously approved by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** unless a Response is timely filed, served and received by the Response Deadline, the Debtors will cause its Notice and Claims Agent to expunge such Claim from the Claims Register and such claimant shall not be treated as a creditor with respect to the Claim for purposes of distribution.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Satisfaction Procedures or any other pleadings (the "Pleadings") filed in the chapter 11 cases are available for free online at http://cases.primeclerk.com/Sabine. Copies of the Pleadings may also be obtained upon written request to Prime Clerk LLC, the Reorganized Debtors' Notice and Claims Agent at the following address: Sabine Oil & Gas Corp., *et al.*, c/o Prime Clerk LLC, 830 Third Avenue, 9th Floor, New York, New York 10022. You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov. **Please do not contact the Court to discuss the merits of any Claim or any Objection filed with respect thereto**.

Dated: [__], 2016          /s/ DRAFT
      New York, New York          Paul M. Basta, P.C.
                                             Jonathan S. Henes, P.C.
                                             Christopher Marcus, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Reorganized Debtors*